

1  Thomas E. Rothschild
   11665 Collier Blvd.
2  P O Box 998026
   Naples, Fl 34116
3  239-595-5895
   Thomasrotshchild8@gmail.com
4

FILED

APR 17 2023

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

5              UNITED STATES DISTRICT COURT

6             NORTHERN DISTRICT OF CALIFORNIA

7                 San Francisco Jurisdiction

8

9                                                    AGT

10

11  Thomas E. Rothschild, AN INDIVIDUAL          Case No.: To be assigned

12           Plaintiff,                          CV 23-2105

13  vs.                                          BREACH OF COVENANT OF QUIET ENJOYMENT
                                                 BREACH OF WARRANTY
14  STEPHANIE ANN GILDRED                        STRICT LIABILITY
                                                 PUNITIVE DAMAGES
15  LORTON MANAGEMENT CORP,                      NEGLIGENCE AND NEGLIGENCE PER SE

          Defendant

16

17                              **JURISDICTION**

18  This court is the appropriate jurisdiction due to the incident and actions were performed in San Mateo County,

19  Califortnia.  The jurisdiction is further appropriate due to diversity.  Plaintiff now resides in Florida and the

20  Defendant resides in Tacoma, Washington.  The claim is in excess of $ 75,000.00 , therefore, the Federal Filing of a

21  Civil Compalint is hereby filed in Federal jurisdiction in San Francisco, California.

22              The Plaintiff was a resident of 128 Lorton Avenue # 4, Burlingame, California for approximately

23  9 years.  During this time, Plaintiff was engaged to be married to Defendant.  At or around 2019 or 2020, Defendant

24  And Plaintiff entered in to a contract to develop the entire site and buildings with the help of the Contractor, The

25  Pacific Companies, and a simultaneous development was under construction on adjoining site, known as 140 Lorton

26  Avnue, owned by the City of Burlingame, and constructed by The Pacific Companies.

27                           **FACTUAL ALLEGATIONS**

28  BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
    LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   a.  Next door to subject property  A 5 story parking garage, located at 140 East Lorton , Burlingame, California.

   b.  On December, 1, 2019, defendants broke ground on the 5 story parking garage that lasted approximately four (4) years.

   c.  The Defendants carelessly with reckless disregard  the noise and dust created by the constructing the parking garage with

harm and injury to the Plaintiff.

   d.  The Plaintiff was diligent in verbal and written complaints to the defendant pleading for relief.

   e.  The Plaintiff moved from the subject property known as 128 Lorton Avenue in 2022 after finding the residence untenable due to noise and dust and prolonged health difficulties.

   f.  The Plaintiff suffered breathing problems due to dust and hearing loss due to noise, and severe depression due to continued aggravation due to lack of attention and response by Defendants.

   g.  The plaintiff suffered further breathing issues due to the exhaust from construction vehicles and parking cars, and this is noted as further violations of EPA Standards of Air Quality.

The dangerous conditions of the property are as follows:

   h.  Cranes operating overhead of the Property Plaintiff resided with dangerous materials overhead

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 2

i.   that could drop, and there were not adequate personnel to guide and direct the equipment.

j.   The Dust generated daily was damaging to the lungs and health of the Plaintiff, and has been treated for breathing difficulty with COPD symptoms.

k.   The Pounding of the earth to compact this site due to stability and foundation problems was so difficult to withstand and literally jarred the dishes out of the cupboards and broke as a result.

l.   The chemicals used to cure the concrete and dust blowers damaged the cars below, and further

complicated a breathing problem for Plaintiff.

m.   The emotional stress of dealing daily with a combative work crew and their subs was even a greater problem, and the plaintiff was and has been treated for PTSD for the trauma.

n.   The damage to equipment lines on the property were damaged due to the many careless acts of the Defendants and the work crew that was not being supervised properly.

o.   The dust was so great, the Plaintiff power washed the exterior of the dwelling to reduce dust exemplifying the vast amount of dust the Defendants were creating that caused harm.

p.   The Fence was torn down on several occasions after repeated warnings.

Count I

I.      BREACH OF QUIET ENJOYMENT

1.   The Plaintiff resided in the premises known as 128 Lorton Avenue # 4, Burlingame, California 94010 for 9 years. During this time the Plaintiff and Defendant were engaged to be married, and Plaintiff performed extensive remodel of the entire property units 1-4 and invested in excess of $ 2,000,000.00

2. **The Plaintiff** was a party to an agreement to Raze the property and redevelop with the party known as the Contractor, The Pacific Companies, Caleb Roope, CEO.

3. **The** Defendant was both Landlord and Fee Owner of the property known as 128 Lorton Avenue Burlingame, Ca. To Plaintiff.

4. The Defendant formed a lease agreement by the help friend and Counsel in Tacoma, Washington For a lease agreement with the Plaintiff.

5. The Defendant benefited by the work and materials provided by Plaintiff, and took full advantage by TAX reporting on the property 128 Lorton Avenue, that were in fact the unreimbursed expenses and investment by Plaintiff.

6. The Defendant turned a blind eye and ear to the noise of the development next door and placated the situation, due to an agenda of future gain in the future sale of the property.

7. The Defendnat placed greater store or value in the placated reltionship with the City of Burlingame, Ca. And the Contractor.

8. The Contractor Gifted plans and architectural drawings to the Defendant , Valued in excess of $ 900,000.00, for the expressed use to sell the property.

9. The Plaintiff's demands and complaints were not heard and acted upon.

10. The plaintiff suffered great harm of Dust inhalation, COPD, Heart Issues, Nervous Disorder, and Alcoholism at the behest and gifts by Defendant.

11. There were rats and vermin in the property that were extremely detrimental for health reasons.

12. The premises was dirty and at times uninhabitable due to the neglect by Defendant.

13. The Defendant travelled frequently to Tacoma, Washington and Seattle Washington, to visit and stay in a residence there, and to stay with daughter in Seattle, Washington.

14. Defendant frequently visited another residence jointly owned by Son-Steven Gildred in Del Mar, Californa.l

15. Steven Gildred visited on occasion and insisted that Plaintiff leave the home and stay elsewhere during his visit, inconveniencing and humiliating the Plaintiff.

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE - 4

16. Defendant contributed to the Alcoholism of the Plaintiff by contributing liquor , Wine, and Beer thus an indirect causation of the Plaintiff's Alcoholism and subsequent treatment.

17. Defendant knw of the mental strain and knew the Plantiff was under the treatment of a Theraeutic Counselor for the stress and strain of the relationship and the health risks for Plaintiff.

18. The Plaintiff finally left the property when Defendant remodeled at the aid and asisstance of the Plaintiff, and decided to rent the Cottage, # 4 unit to another party, thus leaving the Plaintff with an ultimatum, living in Tacoma, Washington with Defendant , where Daughter , Tory Gildred Forbid Plainiff from any communication and relationship.

19. The Defendant allowed both Son and Daughter to boycott the Plaintiff and exhibited extreme cruelty.

20. The Plaintiff opted not to move to Tacoma, Washington, and ended the roller coaster relationship with the hostilities and neglect from the Defendant.

21. **The Plaintiff alleges the Breach of Quiet Enjoyment by the Defendants, and not as a landlord, but had the same fiduciary duty to preserve the Covenant of Quiet Enjoyment in the same way a landlord has a sworn duty to perform for a tenant.**

22. **The Defendants were careless in operation of equipment, violation of posted working hours, heavy equipment without sound muffling equipment, and violated their very own covenants and regulations promulgated by the City of Burlingame Codes.**

23. **There is a direct correlation between the breach of quiet enjoyment and the**

24. **health injuries suffered by Plaintiff.**

25. **The precedent and citations are listed below in combination of the other claims of this Complaint.**

    *Anything which is injurious to health, including, but not limited to,*

    *the illegal sale of controlled substances, or is indecent or offensive to the*

    *senses, or an obstruction to the free use of property, so as to interfere with*

    *the comfortable enjoyment of life or property, or unlawfully obstructs the*

    *free passage or use, in the customary manner, of any navigable lake, or river,*

    *bay, stream, canal, or basin, or any public park, square, street, or highway, is*

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 5

*a nuisance. (See Civ. Code, 3479; Dept. of Fish Game v. Superior Court (201 1)*

*197 Cal.App.4th 1323, 1352.)*

II.     **SECOND CAUSE OF ACTION**

**STRICT LIABILITY**

1) **26,  the property was in a dangerous condition at the time of the injury;**

2) **the injury was proximately caused by the dangerous condition;**

3) **the dangerous condition created a foreseeable risk of the injury that occurred; and**

4) **The condition was created by an employee's wrongful act or omission within the scope of**

5) **employment and**

6) **The Defendants had sufficient notice of the condition so as to take protective measures. (Gov.**

7) **Code, § 835; Cordova v. City of Los Angeles (2015) 61 Cal.4th 1099, 1105–1106.)**

III.     **THIRD CAUSE OF ACTION**

# Breach of Warranty

**Plaintiff incorporates by reference the facts alleged in paragraphs (1-10 )**

**1. The** third  **cause of action is that Plaintiff sustained injuries caused by**

**Defendant's breach of certain warranties by personnel of the Defendants**

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 6

2. The implied warranty for the Defendants to comply with certain cases that were cited, is a model and a precedent for municipalities and cities to follow:

The implied warranty provisions establish a threshold for the lease of premises and that threshold is based on the purpose of the Baltimore City Housing Code, to "make dwellings safe, sanitary and fit for human habitation," for the benefit of "the health and safety of the people." . . . . [These provisions] are examples of public health and safety regulations. See Golt, 308 Md. at 13, 517 A.2d at 334. Stoiber v. Honeychuck

3. The sale alleged is a City such as the Defendants, The City of Burlingame, approves a project which is considered a tax based funded the project, is in essence a sale to the public.

4. So, when the city approves the project, A sale of publicly funded dollars finances and operates the new Parking Garage, to the highest and best use for the benefit of the public. (664 N.W.2d 683 (Wis. Ct. App. 2000)

In any event, "If any public purpose can be conceived which might rationally justify the expenditure, the constitutional test is satisfied." Bishop , 246 Wis.2d 879, ¶ 11. "[N]o public purpose exists only if it is clear and palpable that there can be no benefit to the public." Id. "[T]he judicial trend [is] to extend the scope of activities considered to be valid public purposes." Id. , ¶ 12. Generating increased tax revenue for the City is a permissible purpose for the sale of City-owned property. Id. , ¶ 22 City of Kansas City, Missouri Aviation Department

v. Director of Revenue

IV.     FOURTH CAUSE OF ACTION

NEGLIGENCE AND NEGLIGENCE PER SE

1)  Plaintiff incorporates by reference the facts alleged in paragraphs 1-19

2)  The third cause of action that Plaintiff sustained injuries as a result of the result of

3)  Defendant's breach of its duties to:

4)   exercise reasonable care in the construction of the parking garage,

5)  comply with all laws pertaining to construction,

6)  ensure its employees' and contractors' compliance with all laws pertaining to

7)  construction,

8)  (4) use qualified contractors, and

9)  (5) use safe and lawful materials.

10) There exists a very real connection between the negligence and the plaintiff's injury.

11) The Plaintiff was damaged and injured by the wrongful conduct and harm by the

12) Defendants.

13) Plaintiff incorporates by reference the facts alleged in paragraphs 1-19

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 8

V.    PUNITIVE DAMAGES

The plaintiff requests an award for punitive damages. The
compensatory damages which compensate the plaintiff for their
concrete losses, the punitive damages requested are in favor of
punishing the defendants for their egregious conduct and to deter other
defendants in similar cases from engaging in similar behavior. The
amount of Punitive Damages shall be determined at trial and by a jury of
his peers.

POINTS AND AUTHORITIES

A city in California is not exempt from litigation by a plaintiff from punitive damages for
negligence and breach of the covenant of quiet enjoyment. Based on the authorities provided, it
seems that a city in California is not exempt from
litigation by a plaintiff from punitive damages for negligence and breach of the covenant
of quiet enjoyment. Several cases discuss the availability of punitive damages for
negligence and breach of the covenant of quiet enjoyment, and none of them specifically
exempt a city from liability. For example, in Tricor California, Inc. v. State Compensation
Ins. Fund, the court held that the State Compensation Insurance Fund (SCIF) is not
immune from punitive damages, and in Ginsberg v. Gamson, the court noted that
punitive damages may be available in connection with a claim for breach of the
covenant of quiet enjoyment. While none of the cases specifically address thequestion of
whether a city is exempt from punitive damages, they do suggest that public entities in
California are not immune from punitive damages in general.

CASES

1

2      Garcia v. Myllyla, 40 Cal.App.5th 990 (Cal. Ct. App. 2019)

3      This case discusses the standard for awarding punitive damages in California, and finds

4      that there was sufficient evidence of fraud to support punitive damages. It also discusses

5      the standard for reviewing evidence related to emotional distress damages, which could

6      be relevant to a claim for breach of the covenant of quiet enjoyment. We review the

7      evidence supporting punitive damages under the substantial evidence standard.

8      (Stewart v. Union Carbide Corp. (2010) 190 Cal.App.4th 23, 34, 117 (Cal.Rptr.3d 791.)

9      Punitive damages are permissible on a showing of conduct amounting to

10

11     &quot;oppression, fraud or malice.&quot; ( Civ. Code, § 3294, subd. (a).) There was

12     evidence to avoid inspection of the Building, Myllyla falsely told the Department that he

13     was not renting the Building and that it was occupied only by family members. We

14     conclude that there was sufficient evidence of fraud to support punitive damages under

15     Civil Code section 3294, subdivision (c)(3). We review the evidence relating to emotional

16     distress damages under the substantial evidence standard. ( Bermudez v. Ciolek (2015)

17     237 Cal.App.4th 1311, 1324, 188 Cal.Rptr.3d 820 [an award of damages will not be

18     disturbed if it is supported by substantial evidence].) Substantial evidence is any

19     evidence that is &quot; 'reasonable in nature, credible, and of solid value.' &quot; (

20     People v. Bassett (1968) 69 Cal.2d 122, 139, 70 Cal.Rptr. 193, 443 P.2d 777.) Myllyla

21     addresses only emotional distress in the context of Plaintiffs' claims for intentional

22     infliction of emotional distress. Tricor California, Inc. v. State Compensation Ins. Fund,

23     30 Cal.App.4th 230 (Cal.Ct. App. 1994)

24

25     This case holds that the State Compensation Insurance Fund (SCIF) is not immune

26     from punitive damages, and discusses cases that support this conclusion. Although the

27     case does not specifically address a city&#39;s liability, it is directly relevant to the

28
BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 10

1  research request because it addresses the issue of punitive damages against a public

2  entity in California. In Courtesy Ambulance Service v. Superior Court (1992) 8

3  Cal.App.4th 1504 [ 11 Cal.Rptr.2d 161], the court held that neither the Government Tort

4  Claims Act nor the Insurance Code barred tort claims, including punitive damages, in a

5  case alleging similar conduct under similar causes of action. ( Id. at pp. 1509, 1511-1519.)

6  Maxon Industries, Inc. v. State Compensation Ins. SCIF&#39;s financial position is

7

8

9  dependent upon the taxing power and there is little likelihood of a reckless

10  award against it. (We note that a plaintiff seeking punitive damages must present

11  evidence of the defendant#39;s wealth or financial condition, to ensure that any award is

12  rationally based. [Citation.] Finally, insofar as SCIF is run as a private business, the

13  threat of punitive awards will carry its traditional effect of encouraging management to

14  supervise and discipline errant employees. [¶] SCIF&#39;s argument that we should not

15  hold that [Insurance Code] section 11873 repealed Government Code section 818 by

16  implication is without merit. . . . But the argument is inapposite: the obvious, express

17  intent of section 11873 is to repeal those sections of the Government Code not excepted,

18  insofar as they affected SCIF. We nonetheless agree with the Courtesy Ambulance

19  analysis and hold the trial court erred in finding SCIF immune from punitive damages.

20  (4) Finally, we reject SCIF&#39;s jurisdictional claim, raised for the first time on

21  appeal, that Tricor failed to exhaust its administrative remedies because its complaint

22  essentially involves a dispute about reserve, premium, and dividend rate setting,

23  properly subject to administrative regulation. Jones v. Czapkay, 182 Cal.App.2d 192

24  (Cal. Ct. App. 1960) Although the case does not specifically address the question of

25  whether a city in California is exempt from punitive damages for negligence and breach

26  of the covenant of quiet enjoyment, it does discuss the liability of a city and county for

27  negligence in the context of public health. It alleges that Doctor Chope is and was the

28

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 11

Director of the Health and Welfare Department of San Mateo County and that Doctor

Bodie is and was in charge of the Communicable Disease Division of said department;

that for more than six years past, both knew that Czapkay was afflicted with infectious

and contagious tuberculosis; that about 1952 Doctor Chope as director issued and had

served upon Czapkay an order isolating and quarantining him to his residence in

Burlingame; that said defendants failed and neglected to enforce the provisions of the

California health and safety statutes pertaining to quarantine and isolation and to place

a placard on Czapkay#39;s premises as required by section 2561, Health and Safety

Code, to give any notice to the citizens and residents of Burlingame, and to plaintiff, of

the existence of said communicable and infectious disease, to conduct proper or

adequate investigation to insure strict compliance by Czapkay with said order; that by

reason of said carelessness of defendants, plaintiff &# 39;shealth was endangered and

plaintiff Paul Jones came in immediate communication with Czapkay, causing him to

contract tubercular meningitis, damaging plaintiff in the sum of $350,000. The third

count is directed against the County of San Mateo and the two doctors in their official

capacity, realleges by reference the allegations of the second count, alleges that

defendant county at all times maintained a public health department, that by reason of

the carelessness of the defendants Central Avenue and Newlands Avenue in Burlingame,

and other public streets in the cities of Burlingame and San Mateo and highways in San

Mateo County were rendered dangerous, hazardous and unfit for ordinary use by the

public due to their exposure to infectious and contagious tuberculosis, and the health

and safety of the general public and plaintiff were endangered, and thereby plaintiff by

coming in direct communication with Czapkay Contracted tubercular meningitis. The

fourth count is directed against the city of Burlingame and the two doctors in their

official capacity, and realleges the charging portions of counts two and three, and alleges

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 12

1    that Burlingame contracted with San Mateo County for the services of its health and

2    welfare departments and by reason of said contract said doctors were servants, agents

3    and employees of said Burlingame, and that because of the unfitness of Burlingame#39;s

4    streets as alleged, plaintiff contracted tubercular meningitis. The fifth count is directed

5    against Doctor Merrill individually and as Director of Public Health, State Department

6    of Public Health, and Doctor Kupka individually and as Chief of the Bureau of

7    Tuberculosis, State Department of Public Health. It incorporates the salient allegations

8    of the first count and then charges that for more than six years defendants had full

9    knowledge and information of Czapkay#39;s infectious and contagious tubercular

10   condition and Campbell v. City of Santa Monica, 51 Cal.App.2d 626 (Cal. Ct. App.

11   1942)While the case does not directly address the question of punitive damages or the

12   covenant of quiet enjoyment, it does discuss the boundaries of municipal liability in

13   California, which may be relevant.In the view we take of the case we see no actionable

14   negligence on the part of the city on the record submitted to us. It is axiomatic that a city is liable

15   only for its shortcomings. [1] Where a city provides streets or sidewalks, or both, it does so with

16   the expectation that motorists and pedestrians will make lawful and not unlawful use of

17   them. But neither this statute nor any other imposes a duty upon the city to control their

18   use so as to avoid accidents upon them. [3] By making and enforcing ordinances

19   regulating the use of streets and sidewalks the city exercises a governmental power, and

20   so for any breach thereof there is no liability. The answer is, none, except for such

21   rights, if any, as are accorded by the Public Liability Act. [4] The question as to the

22   extent of the duties which are imposed by that act is one of law, to be determined by the

23   court, and not one of fact for the jury. [5] Under the act mentioned the city is liable only

24   for a &quot;dangerous or defective condition of [its] public streets . . . and

25   property.&quot; The scope of the protection afforded by the statute is against

26   aphysically dangerous or defective condition of streets and sidewalks.

27   Hjelm v. Prometheus Real Estate Grp., Inc., 3 Cal.App.5th 1155 (Cal. Ct. App. 2016 While

28   BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
     LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 13

1    this case does not specifically address whether a city is exempt from punitive damages, it

2    does discuss damages available for negligence and breach of the covenant of quiet

3    enjoyment in California, which may be relevant to the research request. You will be

4    asked to decide whether Prometheus Real Estate Group is liable to Christie Hjelm and

5    Justin Hjelm under the following reasonable theories; negligence; premises

6    liability; constructive eviction; breach of the implied warranty of habitability; negligent

7    infliction of emotional distress; breach of the covenant of quiet enjoyment; nuisance.

8    "Economic damages are recovered [sic : recoverable] under the following legal

9    theories[:] negligence; premises liability; constructive eviction; breach of the implied

10    warranty of habitability; breach of the covenant of quiet enjoyment. "Noneconomic

11    damages are recovered [sic : recoverable] under the following legal theories[:]

12

13

14    negligence; premises liability; constructive eviction; breach of [the] implied warranty of

15    habitability; negligent infliction of emotional distress; breach of the covenant of quiet

16    enjoyment; and nuisance." The jury verdict included findings for the Hjelms on

17    multiple theories, including their claims for constructive eviction, breach of the

18    warranty of habitability, and breach of the covenant of quiet enjoyment. What are

19    Christie Hjelm#39;s total non-economic damages? "Non-economic loss for Christie

20    Hjelm "Past noneconomic loss, including "mental suffering and emotional distress

21    $35,000 "Future noneconomic loss, including "mental suffering and emotional distress

22    $0 "Total Non–Economic Damages for Christie Hjelm: $35,000" In sum and in short,

23    the Hjelms sued on theories that included contracts. Bevis v. Terrace View Partners, LP,

24    33 Cal.App.5th 230 (Cal. Ct. App. 2019) This case discusses the tort of intentional

25    interference with property rights, which includes the breach of the covenant of quiet

26    enjoyment. Although the case does not specifically address whether a city is exempt

27    from punitive damages, it does mention that punitive damages may be available in

28    BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
      LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 14

connection with a claim for breach of the covenant of quiet enjoyment. There is not a

clearly defined cause of action in tort in California for intentional interference with

property rights. In Barkett v. Brucato (1953) 122 Cal.App.2d 264, 264 P.2d 978 ( Barkett ),

the Court of Appeal acknowledged the existence of a tort cause of action for

&quot;willful wrongful eviction, that is, the breach of the covenant of quietenjoyment,

accomplished by a series of intentionally annoying acts designed to compel the tenant to

vacate. The Ginsberg court noted that &quot;some courts have implicitly or explicitly

indicated a tenant may recover punitive damages in connection with a claim for breach

of the implied covenant of quiet enjoyment, or identified the claim as a tort. However, all

of those cases describe wrongful eviction claims. &quot;[W]hen the landlord has

breached the implied covenant of quiet enjoyment, but the tenant remains in possession

of the premises, the tenant#39;s remedy is to 'sue for breach of contract damages.'

&quot; ( Id. at p. 902, 141 Cal.Rptr.3d 62.) Martinez v. Mercury Ins. Co., B261003 (Cal.

Ct. App. Aug. 24, 2016) While this case does not specifically address whether a city is

exempt from punitive damages, it does discuss the covenant of good faith and fair

dealing, as well as the remedies available for a breach of that covenant, which may be

relevant..The fundamental purpose of the implied covenant of good faith and fair

dealing is that &quot;neither party to a contract will do anything to injure the right of

the other to receive the benefits of the contract.&quot; (Ibid.) &quot;An insurer is said

to act in &#39;bad faith#39; when it breaches its duty to deal &#39;fairly#39; and

&#39;in good faith#39; with its insured.&quot; (Major v. Western Home Ins. Co. (2009)

169 Cal.App.4th 1197, 1209.) In &quot;first party cases &quot; involving an

insured#39;s claim against an insurer, the implied covenant of good faith and fair

dealing &quot;obligates the insurer to make a thorough investigation of the

insured#39;s claim for benefits, and not to unreasonably delay or withhold payment of

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 15

benefits.&quot; (Major v. Western Home Ins. Co., supra, 169 Cal.App.4th at pp.

1209-1210.) If the insurer &quot;without proper cause" refuses to compensate the

insured for a loss covered by the policy or unreasonably delays payments due under the

policy, its conduct is actionable. (Waters v. United Services Auto. Assn. (1996) 41

Cal.App.4th 1063, 1070.) Because the covenant of good faith and fair dealing is a

contract term, the remedy for such a breach is generally only contract remedies.(Cates

Construction, Inc. v. Talbot Partners, supra, 21 Cal.4th at p. 43.) In the insurance policy

setting, however, an insured may also recover tort remedies for a breach of the covenant

including emotional distress damages resulting from the insurer#39;s bad faith conduct.

(Id. at pp. 43-44; Gourley v. State Farm Mut. Auto. Ins. Co. (1991) 53 Cal.3d 121, 128.)

As a bad faith action seeks remedy for interference with property rights, not personal

injury, &quot;damages for emotional distress are compensable as incidental damages

flowing from the initial breach, not as a separate cause of action.&quot; (Gourley v. State

Farm Mut. Auto. Ins. Co., supra, 53 Cal.3d at p. 128.) Ginsberg v. Gamson, 205

Cal.App.4th 873 (Cal. Ct. App. 2012) While this case does not directly address the

question of whether a city is exempt from punitive damages, it does discuss the

availability of punitive damages for breach of the covenant of quiet enjoyment and

negligence, which is relevant to the research request. They then filed suit, alleging claims

for breach of the covenant of quiet enjoyment, negligence, and " conspiracy to willfully

and maliciously harass" the tenants. ( Id. at p.266, 264 P.2d 978.) A jury returned a

general verdict against the landlord, and awarded $5,000 in damages, but did not award

any punitive damages. ( Ibid.) On appeal, the landlord argued she could not be held

liable on the conspiracy count because the jury exonerated the other defendants, and

she could not have conspired with herself alone. (Barkett, supra, 122 Cal.App.2d at pp.

273–274, 264 P.2d 978.) It reasoned: "[T]he allegations of conspiracy are mere surplusage in a case where the conspiracy itself is unproven but there is evidence of actionable conduct on the part of one defendant.... " Here the basic tort alleged in the third cause of action was the willful wrongful eviction, that is, the breach of the covenant of quiet enjoyment, accomplished by a series of intentionally annoying acts designed to compel the tenant to vacate. Section 822 of the Restatement of Torts defines this tort as follows: " 'The actor is liable in an action for damages for a non trespassory invasion of another#39;s interest in the private use and enjoyment of land if, " '(a) the other has property rights and privileges in respect to the use or enjoyment interfered with; and " '(b) the invasion is substantial; and " '(c) the actor &#39;s conduct is a legal cause of the invasion; and " '(d) the invasion is either " '( i ) intentional and unreasonable; or " '( ii ) unintentional and otherwise actionable under the rules governing liability for negligent, reckless or ultra-hazardous conduct.' "California recognizes the existence of such a tort. [ ( Tooke v. Allen (1948) 85 Cal.App.2d 230, 192 P.2d 804( Tooke ); Sanders v. Allen (1948) 83 Cal.App.2d 362, 188 P.2d 760( Sanders );Butler v. Allen (1946) 73 Cal.App.2d 866, 167 P.2d 488( Butler ).) ].... The jury could have held appellant for an independent tort upon the third cause of action by reason of the intentional and even malicious conduct already described. Spinks v. Equity Residential Briarwood Apartments, 171 Cal.App.4th 1004 (Cal. Ct. App. 2009) This case discusses the covenant of quiet enjoyment in California, and the various ways in which it can be breached, which is relevant to the research request. However, it does not specifically address whether a city is exempt from litigation for punitive damages. Civil Code section 1940, subdivision (b) thus provides: &quot;The term `persons who hire&#39; shall not include a person who maintains either of the following: ¶ Transient occupancy in a hotel, motel, residence club, or other

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 17

facility &quot; as described or &quot;(2) Occupancy at a hotel or motel where the innkeeper retains a right of access to and control of the dwelling unit and the hotel or motel provides or offers . . . services to all of the residents &quot; as described. Determining whether there has been a breach of the covenant of quiet possession generally &quot;depends upon the facts in a proper case.&quot; (Stockton Dry Goods v. Girsh (1951) 36 Cal.2d 677, 682 [ 227 P.2d 1]; see also, e.g., Andrews v. Mobile Aire Estates (2005) 125 Cal.App.4th 578, 593 [ 22 Cal.Rptr.3d 832].) Breach can take many forms, including actual or constructive eviction. (See, e.g., LaFrance v. Kashishian (1928) 204 Cal. 643, 644 [ 269 P. 655] [covenant breached where &quot;plaintiff was evicted from the leased premises by one who had established paramount title to the property &quot;]; Guntert v. City of Stockton, supra, 55 Cal.App.3d at p. 139 [&quot;arbitrary and unreasonable notice of termination violated the lessor#39;s implied obligation to abstain from interference with the tenant#39;s use and enjoyment of the premises &quot;]; Goldman v. House (1949) 93 Cal.App.2d 572, 576 [ 209 P.2d 639] [under the covenant of quiet enjoyment, &quot;attempt to evict by the use of wrongful and malicious means with knowledge of probable injury is actionable &quot;]; see id. at p. 574 [&quot;defendants wilfully and maliciously shut off the electric current &quot; and the tenant &quot;fell down the darkened stairway and sustained injuries &quot;].)

Pursuant to another provision of division 3, part 4, title 5, chapter 2, the hirer or tenant need not even &quot;be actually or constructively evicted in order to obtain relief.&quot; (Civ. Code, § 1940.2, subd. (a)(3).) 2. Application Applying the facts in the evidentiary record to the statutory definition, plaintiff argues that she was a &quot;item&quot; of the apartment. (Civ. Code, § 1940; see Ellingson v. Walsh, O&#39;Connor Barneson, supra, 15 Cal.2d at p. 675.) Eichhorn v. De La Cantera (1953) 117 Cal.App.2d 50, 54 [ 255 P.2d 70] [jury decided that mortgage and utility

&quot;payments were rental and hence that the Eichhorns were tenants, not licensees &quot;].) As for the breach, the complaint alleges that defendants&quot;seriously impaired the Plaintiff#39;s quiet use and enjoyment &quot; by engaging in the acts described above, thereby breaching the covenant. The facts in this record, described above, could support judgment for the plaintiff on this claim. Summary adjudication for Barkett v. Brucato, 122 Cal.App.2d 264 (Cal. Ct. App. 1953) Barkett v. Brucato discusses the potential for a landlord to be exempt from liability for negligence or breach of the covenant of quiet enjoyment, but the case ultimately distinguishes between &quot;passive negligence &quot; and more active misconduct. This case could be helpful in arguing that a city is not exempt from punitive damages if its conduct goes beyond mere negligence. The fourth cause of action asks for $10,000 punitive damages based upon the facts alleged in the conspiracy count.There are cases holding that a provision such as is here involved does operate to exculpate a person from the consequences of his own negligent conduct. (See, particularly, Werner v. Knoll, 89

Cal.App.2d 474 [ 201 P.2d 45], and Inglis v. Garland, 19 Cal.App.2d Supp. 767 [ 64 P.2d 501]. See, also, Kushner v. Home Service Co., 91 Cal.App. 692 [ 267 P. 555]; Nichols v. Hitchcock Motor Co., 22 Cal.App.2d 151 [ 70 P.2d 654]; Stephens v. Southern Pac. Co., 109 Cal. 86 [41 P. 783, 50 Am.St.Rep. 17, 29 L.R.A. 751]; Northwestern M.F. Assn. v. Pacific etc. Co., 187 Cal. 38 [ 200 P. 934]; but, see, Dieterle v. Bekin, 143 Cal. 683 [ 77 P. 664]; Taussig v. Bode Haslett, 134 Cal. 260 [ 66 P. 259, 86 Am.St. Rep. 250, 54 L.R.A. 774].) They hold that such a clause will exempt the landlord from liability for injuries to thetenant caused by the negligence of the landlord and prevents the landlord from being held for a breach of the covenant of quiet enjoyment based on such negligent acts. These California cases exempting the landlord from liability all deal with what might be called passive negligence.

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 19

1

2 The court held that section 1668 of the Civil Code only declared unlawful contracts

3 exempting one &quot;from responsibility for his own fraud, or willful injury . . . or

4 violation of law, whether willful or negligent,&quot; and that the word &quot;negligent

5 &quot; in the section modified &quot;violation of law.&quot;Solomon v. 404 N. Maple

6 Dr., LLC, No. B297996 (Cal. Ct. App. Feb. 16, 2022) Solomon appeals the judgment

7 entered against her following the trial court&#39;s order granting landlord

8 defendants#39; motion for summary judgment or in the alternative summary

9 adjudication as to each of the causes of action in Solomon&#39;s second amended

10 complaint and her claim for punitive damages. We affirm the court&#39;s order

11

12

13 granting summary adjudication regarding Solomon#39;s claims for fraud, breach of

14 contract, intentional infliction of emotional distress, violation of Business and

15 Professions Code section 17200 and her demand for punitive damages. The trial court

16 erred. Landlord defendants did not meet their initial burden of showing the

17 nonexistence of any triable issue of material fact regarding defects in Solomon#39;s unit.

18 The court concluded there was no mold or asbestos in unit 302, relying in part on

19 defendants#39; exhibits D (the September 23, 2014 DPH inspection report), E (emails

20 between Solomon and Hope in October 2014), I (the Executive Environmental asbestos

21 inspection reports dated February 28, 2017, and August 9, 2017), and J (the July 7, 2017

22 Executive Environmental re-occupancy report). Roe v. Los Angeles Unified School

23 District, No. B240654 (Cal. Ct. App. Dec. 9, 2013) Damages that served as punishment

24 and deterrence are punitive, not compensatory. (SeeFerguson v. Lieff, Cabraser,

25 Heimann &amp; Bernstein (2003) 30 Cal.4th 1037, 1046[defining punitive damages as

26 damages intended to punish the wrongdoer and deter him and others from similar

27 extreme conduct].) This request for punitive damages was particularly improper given

28

that the phase awarding punitive damages against the individual defendants had been

bifurcated and the amount of punitive damages was to be tried later. While

plaintiff#39;s counsel was permitted to make arguments regarding a finding of malice,

oppression and fraud against the individual defendants, he should not have made any

arguments related to the amount of punitive damages to be awarded.It provides that

&quot;[t]he court shall, on application of any defendant, preclude the admission of

evidence of that defendant#39;s profits or financial condition until after the trier of fact

returns a verdict for plaintiff awarding actual damages and finds that a defendant is

guilty of malice, oppression, or fraud in accordance with Section 3294.&quot;

&quot;While the statute refers only to evidence of the defendant#39;s financial

condition, in practice bifurcation under this section means that all evidence relating to

the amount of punitive damages is to be offered in the second phase, while the

determination whether the plaintiff is entitled to punitive damages (i.e., whether the

defendant is guilty of malice, fraud or oppression) is decided in the first phase along

with compensatory damages.&quot; (Holdgrafer v. Unocal Corp. (2008) 160 Cal.App.4th

907, 919.) Thus, plaintiff#39;s counsel committed misconduct by asking the jury to

award Unlawful punitive damages against LAUSD during his opening argument. 1.

Irregularity in the Proceedings (Code Civ. Proc., § 657, subd. (1)).City of Modesto v. Dow

Chem. Co., No. A134419 (Cal. Ct. App. Jan. 8, 2018) &quot;As defined in the punitive

damages statute, &#39;[m]alice &#39; encompasses &#39;despicable conduct which is

carried on by the defendant with a willful and conscious disregard of the rights and

safety of others,&#39; and &#39;[o]oppression#39; means &#39;despicable conduct

that subjects a person to cruel and unjust hardship in conscious disregard of that

person#39;s rights.&#39; (Civ. Code, § 3294, subd. (c)(1), (2).).... [¶] Under the statute,

&#39;malice does not require actual intent to harm. [Citation.] Conscious disregard for

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 21

the safety of another may be sufficient where the defendant is aware of the probable

dangerous consequences of his or her conduct and he or she willfully fails to avoid such

consequences. [Citation.] Malice may be proved either expressly through direct evidence

or by implication through indirect evidence from which the jury draws inferences.

[Citation.]&#39; [Citation.]&quot; (Pfeifer v. John Crane, Inc. (2013) 220 Cal.App.4th

1270, 1299; see also College Hospital Inc. v. Superior Court (1994) 8 Cal.4th 704, 725.)

&quot; &#39;[T]o establish malice, it is not sufficient to show only that the

defendant#39;s conduct was negligent, grossly negligent or even reckless. [Citation.]

There must be evidence that the defendant acted with knowledge of the probable

dangerous cRivera, J. ORDER MODIFYING OPINION AND DENYING

REHEARING[NO CHANGE IN JUDGMENT] BY THE COURT: It is ordered that the

opinion filed herein on January 8, 2018, be modified as follows: Essex Ins. Co. v.

Professional Building Contractors, Inc., No. B206879 (Cal. Ct. App. Jul. 21, 2009) Doi

Todd, Acting P. J. Defendant and appellant Professional Building Contractors, Inc.

(PBC) appeals from an order granting a new trial on the issue of punitive damages

imposed against plaintiff and appellant Essex Insurance Company (Essex). Following a

jury trial on PBC's claims for breach of contract and bad faith denial of insurance

coverage against Essex, the jury awarded $682,264.22 in compensatory damages and

$2.5 million in punitive damages. The trial court properly exercised its discretion to

reduce the punitive damages award to a one to one ratio on the basis of the evidence

concerning Essex's reprehensibility and the amount of compensatory damages awarded.

The trial court did not abuse its discretion. Specifically, the evidence showed that any

"losses were purely economic in nature, there was no indifference to the health or safety

of others, PBC was not financially vulnerable, and the conduct did not involve repeated

actions with respect to PBC, which is the only pertinent party to be considered." Nativi

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 22

v. Deutsche Bank Nat#39;l Tr. Co., 223 Cal.App.4th 261 (Cal. Ct. App. 2014) They were "in lawful, peaceable possession of the premises until they were forcibly evicted when [respondents] barred [them] from the premises and refused to reinstate [them] to possession." Respondents violated the PTFA by failing to recognize appellants#39; lease and engage in unlawful, extrajudicial self-help eviction. Respondents "acted with malice by barring [appellants] from the property and misrepresenting to police officers that [they] were not tenants, and refusing to allow [them] access to the Property...." It was further alleged with respect to the second and third causes of action that respondents "breached the covenant of quiet enjoyment embodied in Civil Code section 1927" by the foregoing course of conduct. Where an immediate successor takes subject to a bona fide lease by operation of the PTFA, the scope of a California tenant#39;s right of occupancy for the remainder of the lease term must be derived from the lease itself and California law, which implies a contractual covenant of quiet enjoyment. (See Civ.Code, § 1927; see also Civ.Code, § 1925.) A lease#39;s covenant of quiet enjoyment runs with the land and binds successors in interest by privity of estate. (See Stillwell Hotel Co. v. Anderson (1935) 4 Cal.2d 463, 467–468, 50 P.2d 441; see also Citizens for Covenant Compliance v. Anderson (1995) 12 Cal.4th 345, 353, 47 Cal.Rptr.2d 898, 906 P.2d 1314; Civ.Code, §§ 1460, 1462–1463.) "It has long been the rule that in the absence of language to the contrary, every lease contains an implied covenant of quiet enjoyment. [Citations.]

Initially, the covenant related solely to the right of possession and only protected the lessee against any act of molestation committed by the landlord or anyone claiming under him, or by someone with paramount title, which directly affected the tenant#39;s use and possession of the leased premises; the covenant was construed to protect the lessee against physical interference only. [Citation.] In recent years, the covenant of quiet enjoyment has been expanded, and in this state, for example, it insulates the tenant

1  against any act or omissions. Lee v. Placer Title Co., 28 Cal.App.4th 503 (Cal. Ct. App.

2  1994)As to contracts, are subordinate to the intention of the parties, when ascertained in

3  the manner prescribed by the chapter on the interpretation of contracts; and the

4  benefits thereof may be waived by any party entitled thereto, unless such waiver would

5  be against public policy.&quot; This statute applies to the rights accruing from the

6  covenant of quiet enjoyment under Civil Code section 1927 &quot;Chapter one of Title

7  V, of which section 1927, . . . [is] a part, is embraced within the 15 titles designated in

8  said section 3268 of the Civil Code.&quot; ( Kushner v. Home Service Co. (1928) 91

9  Cal.App. 692, 697 [ 267 P. 555].) Civil Code section 1953, subdivision (a), provides that

10  lease agreements whereby the tenant agrees to modify or waive certain specified rights

11  are &quot;void as contrary to public policy.&quot; This section, however, applies only

12  to leases of &quot;a dwelling &quot; and hence has no application to this commercial

13  lease. Consequently, the covenant of quiet enjoyment can be modified or waived by the

14  tenant in a commercial lease setting. (6 Miller Starr, Current Law of Cal. Here, the

15  parties modified the covenant by limiting the remedies the defendant might otherwise be

16

17

18  entitled to in the event of a breach by plaintiffs. Covenant Care, Inc. v. Superior Court, 32

19  Cal.4th 771 (Cal. 2004) or she will prevail on the claim. The question presented is

20  whether plaintiffs#39; elder abuse claim is one &quot;arising out of the professional

21  negligence of a health care &quot; for the purposes of section 425.13(a). In any action

22  for damages arising out of the professional negligence of a health care provider, no claim

23  for punitive damages shall be included in a complaint or other pleading unless the court

24  enters an order allowing an amended pleading that includes a claim for punitive

25  damages to be filed. The court may allow the filing of an amended pleading claiming

26  punitive damages on a motion by the party seeking the amended pleading and on the

27  basis of the supporting and opposing affidavits presented that the plaintiff has

28  BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 24

1    established that there is a substantial probability that the plaintiff will prevail on the

2    claim pursuant to Section 3294 of the Civil Code. Our past pronouncements succinctly

3    describe the relevant history. (See Central Pathology, supra, 3 Cal.4th at pp. 189-190;

4    Delaney, supra, 20 Cal.4th at pp. 31-34.) Section 425.13 was added to the Code of Civil

5    Procedure in 1987. Central Pathology Serv. Med. Clinic v. Superior Court, 3 Cal.4th 181

6    (Cal. 1992)&quot; ( Bommareddy v. Superior Court, supra, 222 Cal.App.3d at p 1023.)

7    The court deduced that &quot;as used in . . . section 425.13[(a)], `professional

8    negligence#39; is the same term of as appears in the precedent MICRA legislation;

9    there, the term has a specific meaning which does not include [an intentional tort] upon

10   a patient.&quot; ( Bommareddy, supra, 222 Cal.App.3d at p. 1023.) Based on the

11   language of the statute and its legislative history, we conclude that an action for

12

13   damages arises out of the professional negligence of a health care provider if the injury

14   for which damages are sought is directly related to the professional services provided by

15   the health care provider. An interpretation of the statute that would restrict its

16   applicability to such a limited category of cases is inconsistent with the intention of the

17   Legislature to protect health care providers from frequently pleaded and frivolous

18   punitive damage claims. We hold that whenever an injured party seeks punitive

19   damages for an injury that is directly related to the professional services provided by a

20   health care provider acting in its capacity as such, then the action is one &quot;arising

21   out of the professional negligence of a health care provider," and the party must comply

22   with section 425.13(a). Tomaselli v. Transamerica Ins. Co., 25 Cal.App.4th 1269 (Cal. Ct.

23   App. 1994)Or an award of punitive damages. In the ordinary ex delicto action, therefore,

24   involving intentionally wrongful conduct, the evidence sufficient to establish the tort is

25   usually sufficient to support punitive damages. Such damages are accessible only upon a

26   showing that the defendant &quot;act[ed] with the intent to vex, injure, or

27   annoy.&quot; ( Neal v. Farmers Ins. Exchange (1978) 21 Cal.3d 910, 922 [ 148 Cal.Rptr.

28

389, 582 P.2d 980].) Punitive damages for failure to pay or properly administer an insurance claim are ordinarily, as in this case, based on &quot;malice &quot; or &quot;oppression,&quot; rather than on the third possible ground for the award, &quot;fraud.&quot; The wrongdoer `&quot;must act with the intent to vex, injure, or annoy, or with a conscious disregard of the plaintiff#39;s rights. [Citations.]&quot;&#39; Punitive damages are appropriate if the defendant#39;s acts are reprehensible,

fraudulent or in blatant violation of law or policy.Cases illustrating an established practice of claims stonewalling are collected in Mock v. Michigan Millers Mutual Ins. Co. (1992) 4 Cal.App.4th 306, 329 [ 5 Cal.Rptr.2d 594], where the court suggested approval of an earlier inference to the effect that &quot;a consistent and unremedied pattern of egregious insurer practices#39; [is required] in order for the insurer#39;bad faith#39; conduct to rise to the level of malicious disregard of the insured#39;s rights so as to warrant the imposition of punitive damages.&quot; (Citing Patrick v. Maryland Casualty Co. (1990) 217 Cal.App.3d 1566, 1576 [ 267 Cal.Rptr. 24].) (10) Finally, it is significant that the Legislature amended Civil Code section 3294 in 1987 to add the requirement that punitive damages be proved by &quot;clear and convincing evidence.&quot; Taylor v. Superior Court, 24 Cal.3d 890 (Cal. 1979) the law and the granting of them should be done with the greatest caution. They are only allowed in the clearest of cases.&quot; (158 Cal.App.2d at p. 526.) The reasons for hesitancy in awarding punitive damages are obvious. If the conduct while clearly wrongful is not criminal, a punitive award may be necessary to deter. Otherwise persons contemplating the wrongful conduct may feel they are in a no-lose situation, only gaining by the wrongful conduct. ( Ward v. Taggart (1959) 51 Cal.2d 736, 743 [ 336 P.2d 534]; cf. Chelini v. Nieri (1948) 32 Cal.2d 480, 487 [ 196 P.2d 915].) On the other hand, deterrent effect of a punitive award may be minimal marginal where the conduct already constitutes a crime and the criminal statute is regularly and effectively enforced. Looney v. Superior Court, 16 Cal.App.4th 521 (Cal. Ct. App. 1993) at

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 26

the time limitations set out in section 425.13 cannot be applied so as to

unreasonably deprive a plaintiff of a fair opportunity to comply with the requirements

of that section, we shall grant the writ. Each of these complaints included allegations of

malice, oppression and fraud in support Of a prayer for punitive damages.

&quot;Rather, the trial court must determine whether a plaintiff#39;s action for

damages is one arising out of the professional negligence of a health care

provider.&#39;&quot; ( Id. at p. 191, italics in original.) because of their advanced age

or serious medical problems might die or become incapacitated before their cases come

to trial.&quot; (4) Beyond doubt, the legislative purpose behind section 425.13 was to

shelter health care providers from the need to defend against punitive damage claims

which have no substance. Section 425.13 was enacted in 1987 as a part of the

Brown-Lockyer Civil LiabiliReform Act. City Products Corp. v. Globe Indemnity Co., 88

Cal.App.3d 31 (Cal. Ct. App. 1979) The verdict in Homola#39;s favor awarded $2,725

compensatory damages and $30,000 in punitive damages against City Products. That

basis is stated in the opinion as follows: &quot;City Products urges the view that it

cannot be held responsible in punitive damages because there is no showing that any

malicious acts were done by its agents with the knowledge and under the direction of its

corporate officers having the power to bind the corporation. Reliance is placed upon

Bertero, Hale v. Farmers Ins. Exch. (1974) 42 Cal.App.3d 681 [ 117 Cal.Rptr. 146] and

Kuchta v. Allied Builders Corp. (1971) 21 Cal.App.3d 541 [ 98 Cal.Rptr. 588] . City

Products asserts that, based on the doctrine of these cases, there was no evidence to

justify a finding of malice in fact on the part of employees, agents or others, as being

authorized by any corporate officer of City Products, and that if malicious acts were

committed by agents of City Products without the knowledge or express direction of

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 27

such superior officers, there must be a showing of ratification by such officers with full

knowledge as to the malicious quality of the prior acts. &quot;In the case at bench,

however, the rules stated do not have application since the evidence discloses that Mr.

Keenan was the collection manager for not simply one store of Barker Brothers, but for

an entire area, made up of a number of retail stores, and, as such, had authority to bind

the corporation, City Products, doing business as Barker Brothers, in making

assignments of accounts to collection agencies and giving such agencies the authority to

collect any way the agencies saw fit, including the filing of lawsuits and pursuing the

same through to judgment. &quot;But the initial assignment of the Brown-Homola

account as a two-debtor account, by Mr. Keenan on behalf of Barker Brothers, without

any reasonable, honest or sincere belief in the validity of Barker Brothers&#39; position

that plaintiff Homola was a debtor of Barker Brothers, is in and of itself sufficient to

establish the element of lack of probable cause.&quot; Upon affirmance of the

judgment, defendant paid plaintiff the amount of the compensatory damage award but

refused to pay the $10,000 in punitive damages. Choate v. County of Orange, 86

Cal.App.4th 312 (Cal. Ct. App. 2000) No punitive damages can be awarded against a

public entity. ( City of Newport v. Fact Concerts, Inc. (1981) 453 U.S. 247, 271). The

United States Supreme Court has carved out a limited area of direct municipal

responsibility &quot;if the deprivation of rights was caused by an official policy or

custom of the county, set by the county#39;s lawmakers or by an official who speaks

with final policymaking authority for the county.&quot; ( County of Los Angeles v.

Superior Court (1998) 68 Cal.App.4th 1166, 1168.) Entity liability may arise in one of two

forms. The municipality may itself have directed the deprivation of federal rights

through an express government policy. This was the situation in Monell, where there

was an explicit policy requiring pregnant government employees to take unpaid leaves

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 28

of absence before such leaves were medically required.

(See also Pembaur v. Cincinnati (1986) 475 U.S. 469, 485 [county prosecutor, acting as the county&#39;s final decision maker, directed deputies to unlawfully enter petitioner&#39;s place of business].) Alternatively, the municipality may have in place a custom or practice so widespread in usage as to constitute the functional equivalent of an express policy. (Ford Motor Co. v. Home Ins. Co., 116 Cal.App.3d 374 (Cal. Ct. App. 1981) Under the principle enunciated in City Products Corp. v. Globe Indemnity Co., supra, 88 Cal.App.3d 31, punitive damages are uninsurable as a matter of public policy. At issue in City Products was the indemnification of a punitive damage award for an intentional tort, malicious prosecution. The purpose of punitive damages is to punish and deter sufficiently culpable conduct. (Civ. Code, § 3294; Neal v. Farmers Ins. Exchange (1978) 21 Cal.3d 910, 92 Therefore, although conduct resulting in injury may be characterized as non deliberate, when done in conscious disregard of safety, it is sufficiently blameworthy to warrant an assessment of punitive damages. It is clear from

the foregoing that insuring against punitive damage liability in actions based on products liability is as much against public policy as insuring against punitive damage assessments in cases of malicious prosecution. Moe v. Transamerica Title Insurance, 21 Cal.App.3d 289 (Cal. Ct. App. 1971)

Under the circumstances here present, we find nothing in the least improper in the award of punitive damages running jointly against City Title, which continued to exist for the purpose of tort liability, and Transamerica, which succeeded to the tort liability of City Title. Punitive damages are a portion of such tort liability. (18a) Appellants contend that the trial court erred in directing a verdict against them on the policy of title

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE - 29

1    insurance because it was bound to influence the jurors and to induce them to determine

2    the fraud issue in a manner adverse to appellants. Moreover, the evidence of

3    appellants#39; fraud was so overwhelming that no reasonable jury could have returned

4    a verdict in favor of appellants. The uncontradicted evidence established that defendant

5    Olsen, who was an agent and employee of appellant City Title, was well aware of the

6    bankruptcy proceeding pending against Brookdale Lodge but that he conspired with

7    defendant Ballarin to conceal this fact from Kenneth Baer in order to induce the latter

8    into paying $80,000 for a worthless security interest. Root v. State, E072316 (Cal. Ct.

9    App. Jan. 11, 2021) &quot;Negligent infliction of emotional distress is a form of the tort

10    of negligence, to which the elements of duty, breach of duty, causation and damages

11    apply. The existence of a duty is a question of law. [Citation.]&quot; (Huggins v. Longs

12

13

14    Drug Stores California, Inc. (1993) 6 Cal.4th 124, 129.) &quot;[T]here is no duty to avoid

15    negligently causing emotional distress to another, and . . . damages for emotional distress

16    are recoverable only if the defendant has breached some other duty to the plaintiff.

17    [Citation.]&quot; (Potter v. Firestone Tire &amp; Rubber Co. (1993) 6 Cal.4th 965, 984.)

18    &quot;That duty may be imposed by law, be assumed by the defendant, or exist by

19    virtue of a special relationship. [Citation.] Dumas v. L.A. County. Bd. of Supervisors, 45

20    Cal.App.5th 348 (Cal. Ct. App. 2020) The court also granted the County's motion to

21    strike, reasoning that public entities cannot be held liable for punitive damages. (See

22    Gov. Code § 818 [&quot;Notwithstanding any other provision of law, a public entity is

23    not liable for ... damages imposed primarily for the sake of example and by way of

24    punishing the defendant &quot;].) In so doing, the court incorrectly stated that

25    appellant had not filed an opposition to the County's motion.

26

27    a. During discovery, the County noticed appellant's deposition and subpoenaed his

28

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 30

1    medical records from a third party. Undesignated statutory references are to the Code

2    of Civil Procedure.(Rosenthal v. City of Oakland, No. A156881 (Cal. Ct. App. Aug. 27,

3    2020) He sued Street 41 on a premises liability theory and the City for creating a

4    dangerous condition of public property. The trial court granted summary judgment for

5    both defendants, concluding that the alleged cause of Rosenthal#39;s fall—some

6    unevenness in the sidewalk where four paving stones intersect—does not give rise to

7    liability under the trivial defect doctrine as a matter of law. A. The Complaint On a

8

9

10    b. clear and dry afternoon in December 2015, 77-year-old Melvyn Rosenthal was walking

11    along the sidewalk in front of 250 41st Street in Oakland, following a route he had taken

12    regularly for decades. Some months later he filed a complaint seeking damages from

13    Street 41 for premises liability and from the City for public entity liability pursuant to

14    Government Code sections 835 and 835.2. Rosenthal claimed he tripped on a crack in the

15    sidewalk where two paving stones abut one another at an intersection of four paving

16    stones, creating a vertical offset; that this offset in the paving stones meets the criteria

17    for moderate damage according to the City#39;s Sidewalk Repair Program; and that

18    the defect is a dangerous condition the City waS obligated to inspect and repair. Elliott v.

19    Regents of Univ. of Cal., No. A157589 (Cal. Ct. App. Apr. 20, 2021) Because the Regents

20    are a public entity (§ 811.2), plaintiffs#39; tort claim is subject to certain limitations

21    provided in the Government Claims Act (§ 810 et seq.) (Act). The Act draws a clear

22    distinction between two theories of potential liability of a public entity: (1)

23

24    direct liability, based on the public entity#39;s own conduct and legal obligations; and

25    (2) vicarious liability, arising from the misconduct of a public entity#39;s employee that

26    occurred in the scope of his or her employment. (Zelig v. County of Los Angeles (2002)

27    27 Cal.4th 1112, 1127 (Zelig).)

28    BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 31

A. Direct Liability For direct liability, the Act provides that a public entity is not liable

for an injury that arises out of its own acts or omissions except as otherwise provided by

statute. (§ 815, subd. (a).) Accordingly, while certain statutes do provide for liability of a

public entity, a public entity is generally not liable for its own conduct to the same extent

as a private person or entity. (Zelig, supra, 27 Cal.4th at p. 1127.)

We do not find the argument persuasive, as section 815.2 makes a public entity

vicariously liable for an employee#39;s negligent acts or omissions. (Eastburn, supra, 31

Cal.4th at p. 1184.) City of Los Angeles v. Superior Court, 62 Cal.App.5th 129 (Cal. Ct.

App. 2021) The City demurred on the basis that it was immune from liability relating to

the control of disease under section 855.4 ; Wong failed to allege facts sufficient to state

a cause of action because she did not allege a cognizable duty; and a public entity may

not be liable under common law theories of negligence. The City asserted that it was

immune from liability because the &quot;failure to keep public property germ and

virus free does not make the City subject to liability for [a] dangerous condition of

public property.&quot; She argued that section 855.4 requires public health decisions to

&quot;be made in due care,&quot; and &quot;once the decision has been made, there is

no immunity from liability for negligence in carrying it out.&quot; She argued that the

City &quot;did not act with due care in omitting to respond to Cal-OSHA

violations.&quot; The court found that Wong&#39;s claim of exposure to typhus was

similar to &quot;take-home exposure &quot; to asbestos discussed in Kesner v. Superior

Court (2016) 1 Cal.5th 1132, 1140, 210 Cal.Rptr.3d 283, 384 P.3d 283 ( Kesner ).Roth v.

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 32

City of Hermosa Beach, No. B309941 (Cal. Ct. App. Dec. 15, 2022) private party must

suffer an injury that is &quot;different in kind, not merely in degree, from that

suffered by other members of the public.&quot; (Kempton v. City of Los Angeles (2008)

165 Cal.App.4th 1344, 1349 (Kempton).) 2. Analysis The FACC#39;s public nuisance

per se claim cites to sections 17.02.010-17.02.030; these sections address the purpose of

land use plans, the title of zoning ordinance for citation, and the interpretation of

provisions in promoting the public health, safety, and general welfare. Section

1.04.050C, entitled &quot;Violations Deemed To Be a Public Nuisance,&quot; expressly

provides: &quot;In addition to the penalties . . . provided, any condition caused or

permitted to exist in violation of any of the provisions of the Code shall be deemed a

public nuisance and may be summarily abated as such by the City, and every day such

condition continues shall be regarded as a new and separate offense.&quot; (Italics

added.) Generally, an action to abate a public nuisance &quot;must be prosecuted by a

governmental entity and may not be initiated by a private party unless the nuisance is

personally injurious to that private party.&quot; (County of Santa Clara, supra, 50

Cal.4th at p. 55, citing Civ. Code, § 3493.) To allege standing to pursue a public nuisance

abatement action, the private party must suffer an injury that is &quot;different in

kind, not merely in degree, from that suffered by other members of the public.& quot;

(Kempton, supra, 165 Cal.App.4th at p. 1349.) &quot;A private person may maintain an

action for a public nuisance, if it is specially injurious to himself, but not

otherwise.&quot; (Civ. Code, § 3493; see Kempton, at p. 1349.) Put another way, to

establish standing, private plaintiffs must allege that both they and the public were

injured, albeit in different ways or to different degrees, by the alleged public nuisance.

Banks v. Mastorakos, No. B309937 (Cal. Ct. App. Aug. 16, 2022) responsible . . . for an

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 33

injury occasioned to another by his or her want of ordinary care or skill in the

management of his or her property . . . except so far as the latter has,willfully or by want

of ordinary care, brought the injury on himself or herself &quot;]; see also Kinsman v.

Unocal Corp. (2005) 37 Cal.4th 659, 672 [&quot;The proper test to be applied to the

liability of the possessor of land in accordance with section 1714 of the Civil Code is

whether in the management of his property he has acted as a reasonable man in view of

the probability of injury to others, . . .&quot;].) This duty does not vanish at the

property line, but extends to abutting sidewalks. Section 5610 of the Streets and

Highways Code expressly provides: &quot;The owners of lots or portions of lots

fronting on any portion of a public street. . . shall maintain any sidewalk in such

condition that the sidewalk will not endanger persons or property and maintain it in a

condition which will not interfere with the public convenience in the use of those works

or areas save and except as to those conditions created or maintained in, upon, along, or

in connection with such sidewalk by any person other than the owner, under and by

virtue of any permit or right 8 granted to him by law or by the city authorities in charge

thereof, and such persons shall be under a like duty in relation thereto.&quot; However,

placing an absolute duty on the property owner for all injuries sustained on adjacent

sidewalks would contravene the longstanding principle that liability for such injuries

depends on whether the owner exerts actual control over a public walkway#39;s

condition. (Lopez v. City of Los Angeles (2020) 55 Cal.App.5th 244, 264.) Even viewing all

the evidence in the light most favorable

to Banks, we cannot conclude that she established that the Mastorakoses owed a duty of

care to pedestrians injured by the uneven pavement or litter on the sidewalk abutting

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 34

their store. 2. Banksy#39;s opposing arguments On appeal, Banks raises a confusing

miasma of arguments. As another court observed of a similarly perplexing opening

brief, &quot;this document is strongly reminiscent of those magazine puzzles of

yesteryear where the reader was challenged to &#39;guess whatis wrong

Elgawady v. City of San Francisco, No. A159616 (Cal. Ct. App. Feb. 24, 2022)

East, J. NOT TO BE PUBLISHED (San Francisco City &amp; County Super. Ct.

No. CGC-17-561129) East, J. [*] Appellant Abdelkader Elgawady sued the City and

County of San Francisco (City), claiming he suffered personal injury from a dangerous

condition of public property when he tripped over a metal plate affixed to a City

sidewalk. The trial court granted the City#39;s motion for summary judgment, finding

as a matter of law that the City lacked constructive notice of the allegedly dangerous

condition. Because Elgawady failed to present any evidence that the condition was

obvious such that the City in the exercise of due care should have been aware of it, his

claim fails notwithstanding his contention that the condition may have been present for

several months before his accident. As we will explain, his remaining contentions also

lack merit and we affirm the judgment. Section 3304 - Detriment caused by breach of

covenant of seizin, right to convey, warranty of quiet enjoyment, Cal. Civ. Code § 3304

The detriment caused by the breach of a covenant of &quot;seizin,&quot; of

&quot;right to convey,&quot; of &quot;warranty,&quot; or of &quot;quiet

enjoyment,&quot; in a grant of an estate in real property, is deemed to

be: 1. The price paid to the grantor; or, if the breach is partial only, such proportion of

the price as the value of the property affected by the breach bore at the time of the grant

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE` - 35

1    to the value of the whole property; 2.

2

3    c. Any expenses properly incurred by the covenantee in defending his possession. Ca. Civil

4    Code § 3304 Enacted 1872. Section 1463 - Types of covenants which run with land, Cal. Civ.

5    Code § 1463 The last section includes covenants &quot;of warranty,&quot; &quot;for

6    quiet enjoyment,&quot; or for further assurance on the part of a grantor, and covenants

7    for the payment of rent, or of taxes or assessments upon the land, on the part of a

8    grantee. Ca. Civ. Code § 1463 Enacted 1872.Section 825 - Generally, Cal. Gov. Code § 825

9    that is for punitive or exemplary damages if the governing body of that public entity,

10    acting in its sole discretion except in cases involving an entity of the state government,

11    finds all of the following: (1) The judgment is based on an act or omission of an

12    employee or former employee acting within the course and scope of his or her

13    employment as an employee of the public entity. (2) Except as provided in subdivision

14    (d), if the provisions of this section are in conflict with the provisions of a memorandum

15    of understanding reached pursuant to Chapter 10 (commencing with Section 3500) of

16

17

18    d. Division 4 of Title 1, the memorandum of understanding shall be controlling without

19    further legislative action, except that if those provisions of a memorandum of

20    understanding require the expenditure of funds, the provisions shall not become

21    effective unless approved by the Legislature in the annual Budget Act. (d) This section

22    shall not be construed as a waiver of a public entity#39;s immunity from liability for

23    punitive damages under Section 1981, 1983, or 1985 of Title 42 of the United States Code.

24    (f) (1)Section 425.115 - Preservation by plaintiff of right to seek punitive damages on

25    default judgment, Cal. Code Civ. Proc. § 425.115 The plaintiff preserves the right to seek

26    punitive damages pursuant to Section 3294 of the Civil Code on a default judgment by

27    serving upon the defendant the following statement, or its substantial equivalent:

28
BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 36

NOTICE TO : (Insert name of defendant or cross-defendant) reserves the right to seek (Insert name of plaintiff or cross-complainant) $ in punitive damages (Insert dollar amount) when seeks a judgment in the (Insert name of plaintiff cross-complainant) suit filed against you. (Insert name of attorney or party appearing in propria persona) (Date) (c) If the plaintiff seeks punitive damages pursuant to Section 3294 of the Civil Code, and if the defendant appears in the action, the plaintiff shall not be limited to the amount set forth in the statement served on the defendant pursuant to this section. (d) A plaintiff who serves a statement on the defendant pursuant to this section shall be deemed to have complied with Sections 425.10 and 580 of this code and Section 3295 of the Civil Code. (e)

e. The plaintiff shall serve the statement upon the defendant pursuant to this section before a default may be taken, if the motion for default judgment includes a request for punitive damages. (g) Section 53298.5 - Penalties for violating 3298.5 Punitive damages may be awarded by the court where the offending party has acted with malice.

In no way, shall the provisions of this article establish any liability for punitive damages

or any new cause of action against the local public entity other than liabilities contained in existing law. Ca. Section 15657.5- Defendant liable for financial abuse attorney&#39;s fees and costs and damages, Cal. Welf. and Inst. Code § 15657.5 (a) Where it is proven by a preponderance of the evidence that a defendant is liable for financial abuse, as defined in Section 15610.30, in addition to compensatory damages and all other remedies otherwise provided by law, the court shall award to the plaintiff reasonable attorneys#39;s fees and costs. The term &quot;https&quot; includes, but is not limited to, reasonable fees for the services of a conservator, if any, devoted to the litigation of a claim brought under this article. (b) Where it is proven by a preponderance of the

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 37

evidence that a defendant is liable for financial abuse, as defined in Section 15610.30, and where it is proven by clear and convincing evidence that the defendant has been guilty of recklessness, oppression, fraud, or malice in the commission of the abuse, in addition to reasonable attorneys#39;s fees and costs set forth in subdivision (a), compensatory damages, and all other remedies otherwise provided by law, the limitations imposed by Section 377.34 of the Code of Civil Procedure on the damages recoverable shall not apply. (c) The standards set forth in subdivision (b) of Section 3294 of the Civil Code regarding the imposition of punitive damages on an employer based upon the acts of an employee shall be satisfied before any punitive damages may be imposed against an employer found liable for financial abuse as defined in Section 15610.30. If only part of the judgment is based on that claim, the judgment shall specify what amount was awarded on that basis. Ca. Welf. and Inst. Code § 15657.5 Amended by Stats 2011 ch 296 (AB 1023),s 336, eff. 1/1/2012.

Section 12010 - Liability for Discriminatory Housing Practices, Cal. Code Regs. tit.

2 § 12010 (a) Direct Liability. (1) A person is directly liable for: (A) The person#39;s own conduct that results in a discriminatory housing practice. (B) Failing to take

prompt action as determined on a case-by-case basis to correct and end a discriminatory housing practice by that person#39;s employee or agent, where the person knew or should have known of the discriminatory conduct, including because supervisors, managers, or principals of the a person had or should have had such knowledge. Failing to take prompt action as determined on a case-by-case basis to correct and end a discriminatory housing practice by a third-party, where the person knew or should have known of the discriminatory conduct and had the power to correct it. The power,

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 38

1    responsibility, or authority can be derived from sources including contracts,

2    leases,common interest development governing documents, or by federal, California,

3    orlocal laws, regulations, or practices. (2)

4

5    ALLEGATIONS OF NOT STATING A CAUSE

6

7    POINTS AND AUTHORITIES

8

9    There are a number of potential ways to respond to the defense's assertion that you did

10    not plead a legitimate cause in your 1ST amended complaint. First, you should ensure

11    that your complaint meets the requirements set out in Cal. Code Civ. Proc. § 425.10,

12

13

14    which requires that you state the facts constituting the cause of action and demand

15    judgment for the relief sought.

16

17    If the complaint meets these requirements, Plaintiff can argue that it is legitimate.

18

19    Second, Plaintiff argues that any technical violation should not result in dismissal of

20

21    the case, as long as you made a good faith effort to comply with the rules. This

22    argument is supported by Crawford v. Elegant Angel, Inc. case, which emphasizes the

23    importance of filing motions in a timely manner and suggests that a court should not

24    dismiss a case prematurely based on a technical violation. Third, Plaintiff argues that

25    complaint is sufficient, based on the analysis in the Mashal v. Cnty. of San Mateo case. In

26    that case, the court found that the plaintiffs had adequately pleaded an exception to a

27    general immunity statute, and reversed the trial court's dismissal of the case.

28

1

2      Plaintiff argues that any defect in your complaint can be cured by

3

4      amendment, as suggested in the Harris v. Adams case. In that case, the court outlined

5      the standard for reviewing the sufficiency of a complaint against a general demurrer,

6      and emphasized the importance of considering whether a defect can be cured by

7      amendment. Cases Section 425.10 - Requirements of complaint or cross-complaint;

8      amount demanded in damages not stated, Cal. Code Civ. Proc. §

9      425.10[https://casetext.com/statute/california-codes/california-code-of-civil-procedure/p

10

11

12     art-2-of-civil-actions/title-6-of-the-pleadings-in-civil-actions/chapter-2-pleadings-demandin

13     g-relief/article-1-general-provisions/section-42510-requirements-of-complaint-or-cross-co

14     mplaint- amount-demanded-in-damages-not-stated]This statute sets out the

15     requirements for a complaint or cross-complaint, including the need to state the facts

16     constituting the cause of action and to demand judgment for the relief sought. Plaintiff

17     in responding to the defense's assertion that the 2nd amended complaint is not

18     legitimate. (a) A complaint or cross-complaint shall contain both of the following: (1) A

19     statement of the facts constituting the cause of action, in ordinary and concise language.

20     (2) A demand for judgment for the relief to which the pleader claims to be entitled.

21     Crawford v. Elegant Angel, Inc., B261897 (Cal. Ct. App. Jan. 11,

22     2016)[https://casetext.com/case/crawford-v-elegant-angel-inc] This case discusses the

23     importance of seeking leave to amend a complaint when adding new causes of action,

24     and emphasizes the importance of filing motions in a timely manner. It also suggests that

25     a court should not dismiss a case prematurely based on a technical violation when the

26     plaintiff has made a good faith effort to comply with the rules. We agree. Plaintiffs here

27     took the appropriate steps under the rules to place their proposed amended complaint

28     BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 40

before the court. Given plaintiffs' representation that they no longer believed their

original causes of action were viable based on the court's ruling on the demurrer and

facts developed during discovery, plaintiffs could not have, in good faith, simply filed an

amended complaint with those causes of action. (See §128.7 (pleading must contain

claims "warranted by existing law" and allegations that have "evidentiary support");

Peake v. Underwood (2014) 227 Cal.App.4th 428, 441 ["even though an action may not be

frivolous when it is filed, it may become so if later-acquired evidence refutes the findings

of a prefiling investigation and the attorney continues to file papers supporting the

client's claims"].) "Following an order sustaining a demurrer . . . with leave to amend,

the plaintiff may amend his complaint only as authorized by the court's order.

[Citation.] Plaintiffs properly sought leave by filing their motion within the time allowed

by the court to amend their complaint.

Defendants' argument that plaintiffs failed to "exhaust their remedies" by seeking

various forms of relief before the trial court prior to appeal lacks citation to any

authority and is not persuasive. The court and defendants were clearly aware of

plaintiffs' desire to amend the complaint and their belief that additional leave of court

was required—the court noted in the minutes of the hearing on defendants' demurrer

that plaintiffs' first motion for leave was pending, and then vacated the hearing date for

plaintiffs' second motion for leave in its dismissal order. Mashal v. Cnty. of San Mateo,

No. A147491 (Cal. Ct. App. Jan. 31, 2017) This case discusses the sufficiency of a first

amended complaint, and the court's analysis of whether the plaintiffs adequately

pleaded an exception to a general immunity statute. It is relevant to the research request

because it provides an example of how a court in San Mateo County, California,

evaluates the sufficiency of a complaint. The trial court agreed, finding that appellants

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 41

failed to allege any exception to the immunity statute. On appeal, appellants argue that

their FAC sufficiently pleaded an exception to the general immunity from suit under

section 854.8. We conclude that appellants' FAC adequately stated a cause of action

under section 855, an exception to section 854.8, and we therefore reverse the judgment.

Therefore, the court issued an order sustaining the County's demurrer with leave to

amend. The FAC alleged: (1) a violation of section 855, subdivision (a); (2) a violation of

section 855.8; and (3) negligence. Harris v. Adams, No. A157443 (Cal. Ct. App. Oct. 1,

2020)

This case discusses the standard for reviewing the sufficiency of a complaint against a

general demurrer, which is relevant to the research request. It also addresses the

question of whether a defect in the complaint can be cured by amendment, which may

be helpful in formulating a response to the defense's assertion. We treat the demurrer as

admitting all material facts properly pleaded, but not contentions, deductions or

conclusions of fact or law. [Citation.] We also consider matters which may be judicially

noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading

it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we

determine whether the complaint states facts sufficient to constitute a cause of action."

(Blank v. Kirwan (1985) 39 Cal.3d 311, 318.) Ordinarily, when a demurrer is sustained

without leave to amend, we would consider "whether there is a reasonable possibility

that the defect can be cured by amendment" and the burden of proving such reasonable

possibility would fall "squarely on the plaintiff." (Ibid.) Plaintiff's complaint alleges

causes of action under both subdivisions (b) and (f) of section 51.

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 42

1

2      1. Plaintiff's complaint fails to allege a claim for discrimination in violation of section 51

3      subdivision (f). Subdivision (a) of section 52 states: "Whoever denies, aids or incites a

4      denial, or

5

6      makes any discrimination or distinction contrary to Section 51 . . . is liable for each and

7      every offense for the actual damages, and any amount that may be determined by a

8      jury, or a court sitting without a jury, up to a maximum of three times the amount of

9      actual damage but in no case less than four thousand dollars ($4,000), and any

10     attorney's fees that may be determined by the court in addition thereto, suffered by any

11     person denied the rights provided in Section 51 . . . ." As noted above, subdivision (f) of

12     section 51 provides, "A violation of the right of any individual under the [Americans

13     with Disabilities Act of 1990 (ADA) (42 U.S.C. § 12101 et seq.)] shall also constitute a

14     violation of this section." Section 438 - Motion for judgment on pleadings, Cal. Code Civ.

15     Proc. § 438 This statute outlines the grounds on which a defendant can move for

16     judgment on the pleadings, including that the complaint does not state facts sufficient to

17     constitute a cause of action. This information may be helpful in responding to the

18     defense's assertion by allowing you to anticipate and counter their arguments. (B) If the

19     moving party is a defendant, that either of the following conditions exist: (i) The court

20     has no jurisdiction of the subject of the cause of action alleged in the complaint. (ii) The

21

22

23     complaint does not state facts sufficient to constitute a cause of action against that

24     defendant. The complaint does not state facts sufficient to constitute a cause of action

25     against that defendant. (d) The grounds for motion provided for in this section shall

26     appear on the face of the challenged pleading or from any matter of which the court is

27     required to take judicial notice. Tyco Industries, Inc. v. Superior Court, 164 Cal.App.3d

28     BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
       LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 43

148 (Cal. Ct. App. 1985) This case discusses the process of filing an amended complaint,

responding to a demurrer, and the standards for determining whether a complaint

states a cause of action. Although it is not specific to San Mateo County, it is from a

California court and therefore may be persuasive. On October 11, 1983, Richards filed a

first amended complaint, alleging as causes of action, inter alia, violation of section 970

and wrongful discharge. Tyco demurred, claiming the complaint failed to state facts

sufficient to constitute any cause of action. On March 8, 1984, Richards filed a second

amended complaint to which Tyco again demurred to each and every cause of action.

The trial court sustained Tyco's demurrer to causes of action charging breach of

covenant of good faith and fair dealing and intentional infliction of emotional distress. A

complaint survives a demurrer if it states facts disclosing some right to relief. ( Foy

v.Greenblott (1983) 141 Cal.App.3d 1, 13 [ 190 Cal.Rptr. 84].) (3)Quiles v. Koji's Japan

Inc., No. G049238 (Cal. Ct. App. Apr. 3, 2015) This case discusses the consequences of

failing to amend a complaint within the time allowed by the court, which is relevant to

the research request's focus on pleading a legitimate cause in an amended complaint.

same; a dismissal with prejudice of AJ Parent, LLC. Plaintiffs have cited no legal

authority for the proposition that it is entitled to a dismissal without prejudice."

Plaintiffs appealed. After the trial court sustained Arthur and AJ Parent, LLC's

demurrer to the second amended complaint with leave to amend, plaintiffs corrected

their mistake by filing the third amended complaint naming A.J. Parent Company, Inc.,

as a defendant in place of AJ Parent, LLC. Except where Section 597 applies, after a

demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend

it within the time allowed by court and either party moves for dismissal." Similarly, in

this case, plaintiffs' failure to amend the second amended complaint as to AJ Parent,

LLC, constituted an admission they could not improve the complaint to state a claim

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 44

1    against AJ Parent, LLC. Woulldar v. Contreras, Case No. CV 17-08298-R (JDE) (C.D. Cal.

2    Nov. 20, 2017) This case discusses the two reasons a complaint may be dismissed for

3    failure to state a claim, which is relevant to the research request about responding to an

4    assertion that a complaint does not plead a legitimate cause. A complaint may be

5    dismissed as a matter of law for failure to state a claim for two reasons: (1)

6

7    lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.

8    See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining

9    whether the complaint states a claim, its factual allegations must be taken as true and

10   construed in the light most favorable to the plaintiff. However, "a liberal interpretation

11   of a civil rights complaint may not supply essential elements of the claim that were not

12   initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997)

13

14   (quotation omitted). Villa v. American Contractors Indemnity Co., D062393 (Cal. Ct.

15   App. Aug. 29, 2013) This case discusses the two-step analysis that a court follows when

16

17   ruling on a special motion to strike, which may be relevant to the research request in

18   terms of understanding how to establish a legally cognizable claim for relief.

19

20   In ruling on a special motion to strike, the trial court follows a two-step analysis that

21   involves shifting burdens. (Smith v. Adventist Health System/West (2010) 190 Cal.App.4th

22   40, 50.) The moving defendant carries the initial burden to show the challenged cause of

23   action arises from protected free speech or petitioning activity. Cozen O'Connor (2011)

24   192 Cal.App.4th 1381, 1387.) The burden is satisfied by demonstrating that the conduct

25   underlying the plaintiff's claim fits into a category of protected activity set forth in

26   section 425.16, subdivision (e). To meet this burden, the plaintiff must plead and

27   substantiate a legally cognizable claim for relief. (Oasis West Realty, LLC v. Goldman

28

(2011) 51 Cal.4th 811, 820.) "'Put another way, the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."'" (Ibid.) An order denying a special motion to strike under section 425.16 is immediately appealable. (§§ 425.16, subd. (i), 904.1, subd. (a)(13).) Berg v. Torigian, F069727 (Cal. Ct. App. Sep. 1, 2015)

Although the case does not specifically address the civil rules in San Mateo County, California, it does discuss the burden of proof for plaintiffs in anti-SLAPP motions, which may be relevant to the research request. To meet this burden, the plaintiff must plead and substantiate a legally cognizable claim for relief. (Oasis West Realty, LLC v.

Goldman (2011) 51 Cal.4th 811, 820.) "'Put another way, the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."'" (Ibid.) The motion will not be granted unless both prongs of the statute are established. (Navellier,supra, 29 Cal.4th at p. 89.) A plaintiff "need only establish that his or her claim has 'minimal merit' [citation] to avoid being stricken as a SLAPP." (Soukup v. Law Offices of Herbert Hafif (2006) 39 Cal.4th 260, 291 (Soukup).) We independently review the trial court's order denying the anti-SLAPP motion, engaging in the same two-step process as the trial court to determine if the parties have satisfied their respective burdens. (Flatley, supra, 39 Cal.4th at pp. 325-326; Tuszynska v. Cunningham (2011) 199 Cal.App.4th 257, 266-267.) For the reasons discussed below, the trial court erred by denying the Torigians' anti-SLAPP motion because Berg failed to carry her burden of making a prima facie showing that the underlying action was prosecuted by the Torigians with malice. Ludgate Insurance Co. v. Lockheed Martin Corp., 82 Cal.App.4th 592 (Cal. Ct. App. 2000) PREMO, Acting P.J. Defendant and cross-complainant

1    Lockheed Martin Corporation (hereafter, Lockheed) appeals from a judgment on the pleadings

2    entered in favor of plaintiff and cross- defendant Ludgate Insurance Company, Ltd. (hereafter,

3    Ludgate), and from an order denying Lockheed's motion to require Ludgate to post a bond

4    pursuant to California Insurance Code sections 1616 and 1620. An actual and justiciable

5    controversy exists between [Ludgate] and Lockheed regarding whether a defense obligation is

6    owed by [Ludgate] to Lockheed under either the Primary Policies or the Excess Policies with

7    respect to the Environmental Claims for defense expenses which have been or will be paid or

8

9

10    reimbursed by the United States government. "27. [Ludgate] desire[s] a judicial

11    determination of the rights and duties of the parties under the Primary

12

13    Policies and the Excess Policies, and a declaration that no defense obligation is owed by

14

15    [Ludgate] to Lockheed under the Primary Policies or the Excess Policies with respect to

16    the Environmental Claims for defense expenses which have been or will be paid or

17    reimbursed by the United States government.

18

19    An actual and justiciable controversy exists between [Ludgate] and Lockheed over the

20    rights, duties and obligations of the . . . Primary Policies and the Excess Policies with

21    respect to coverage for defense and indemnity for the Environmental Claims . . . set

22    forth in . . . this First Amended Complaint. A judicial declaration is necessary and

23    appropriate at this time so that the parties may ascertain their rights and duties under

24    the Primary Policies and the Excess Policies with respect to defense and indemnity of the

25    Environmental Claims. . . ." In response, Lockheed filed its first amended

26    cross-complaint for declaratory relief and breach of contract, in which it expressed

27    agreement with Ludgate that "[e]ach cause of action asserted in this cross- complaint

28    BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 47

arises out of the same transaction, occurrence, or series of transactions or occurrences
as one or more of the causes of action asserted by plaintiffs against Lockheed in this
matter." Like Ludgate's first amended complaint, Lockheed's first amended
cross-complaint sought "a judgment declaring the present and future rights, duties, and

liabilities of the parties under the subject insurance policies with respect to certain
present and future claims by the United States, various other governmental entities,
and/or private parties alleging that Lockheed is legally obligated to them for damages
because of bodily injury, personal injury, and/or property damage in connection with
environmental contamination." TPS UTILICOM SERVICES v. ATT CORP., CV 01-9237
SVW (SHx) (C.D. Cal. Aug. 19, 2002) TPS implies that the resident defendants are
somehow destined to acquire this Los Angeles area license. Nothing in the complaint,
however, alleges any conduct on the part of the resident defendants in relation to the
auction at issue. Moreover, California law requires that a plaintiff plead facts
constituting a cause of action. See Cal. Code Civ. P. § 425.10. The resident defendants are
fraudulently joined, and the Court disregards their citizenship when testing for
diversity. Flynn v. Flynn, 103 Cal.App.2d 91 (Cal. Ct. App. 1951) There was nothing to
find. By sustaining the general objection to the introduction of evidence Tthe court in
effect sustained a general demurrer to the complaint. It has long been the practice when
a complaint is held to be insufficient to dismiss the action when the pleading is not
capable of such amendment as would state a valid cause of action. When the court
sustained the general objection it left the plaintiff in exactly the same situation as if it
had granted a nonsuit. In either event, the plaintiff is not entitled to findings. ( Bradley
Co. v. Ridgeway, 14 Cal.App.2d 326, 330 [ 58 P.2d 194]; Colver v. W.B. Scarborough Co.,
73 Cal.App. 421, 432 [ 238 P. 1096].) [7] The court having rejected appellant's offer of
evidence, the filing of findings and judgment was an effective denial of due process of

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 48

1

2

3   law. (5 Cal.Jur. 875.) Reversed.Soto v. Estate of Carlsen, No. E044926 (Cal. Ct. App. Feb.

4   27, 2009)In reviewing an order granting judgment on the pleadings, we review the legal

5   issues de novo. (Angelucci v. Century Supper Club (2007) 41 Cal.4th 160, 166.) Judgment

6   on the pleadings may be granted if the complaint fails to state sufficient facts to

7   constitute a legally cognizable claim. (§ 438, subd. (c)(3)(B)(ii).) Here, defendants

8   contention is that the first amended complaint fails to state any facts which would

9   constitute a cause of action. We disagree with plaintiffs: The first amended complaint is

10  utterly devoid of any factual allegations stating a cause of action for negligence.What

11  determines the result is that by the time defendant filed its motion for judgment on the

12  pleadings, the defect in the pleading did not affect its substantial rights because it was

13  fully apprised of the factual basis for plaintiffs claim. Consequently, the omission of an

14  essential allegation from a complaint is not grounds for judgment on the pleadings, if

15  the defendant is actually aware of the nature of the claim and its factual basis. (Ernest

16  W. Hahn, Inc. v. Nort-Cet Corp. (1973) 34 Cal.App.3d 171, 173-174.) Southern California

17  Acoustics Co., Inc. v. C. V. Holder, Inc., 70 Cal. Rptr. 809 (Cal. Ct. App. 1968) A general

18  demurrer is properly sustained where no cause of action at all is shown by the

19  complaint. (County of Los Angeles v. Read, 193 Cal.App.2d 748, 751, 14 Cal.Rptr. 628.)

20  It is properly sustained without leave to amend when it is apparent that the complaint

21  cannot be amended to state a cause of action. (Marin v. Jacuzzi, 224 Cal.App.2d 549,

22  552, 36 Cal.Rptr. 880.) With respect to the first stated cause of action of plaintiff's

23  complaint, two theories are advanced in support of the claim that it alleges a cause of

24

25

26  action against C. V. Holder based on contract. We conclude that neither theory finds

27  support in the law, and that the plaintiff has not alleged a cause of action against C. V.

28  BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 49

1    Holder. The allegation in the complaint that the parties to the prime contract intended

2    to benefit the subcontractors named in the prime contractor's bid, is the statement of a

3    conclusion and not of an ultimate fact admitted for purposes of a general demurrer. As

4    such, the plaintiff has no contractual right to maintain an action against defendants.

5    (See Southern Cal. Gas Co. v. ABC Construction Co., 204 Cal.App.2d 747, 752, 22

6    Cal.Rptr. 540.) We conclude that plaintiff's second amended complaint does not state a

7    cause of action on any theory, and that it is evident the pleading cannot be successfully

8    amended. Monahan v. Blossom, 88 Cal.App.2d 951 (Cal. Ct. App. 1948) This question

9    must be answered in the negative. The present action was founded upon thealleged tort

10   of defendants. If a complaint fails to state facts sufficient to constitute a cause of action

11   defendant may take advantage of such defects by making a motion to dismiss the

12   complaint. ( Kelley v. Kriess, 68 Cal. 210, 212 [9 P. 129].) Under the foregoing rule

13   defendant's motion to dismiss the amended complaint on the ground that it did not state

14   a cause of action was correct procedure. In view of the fact that the complaint as

15   amended failed to state a cause of action the trial court properly granted the motion.

16   The order is affirmed. Timberlake v. Schwank, 248 Cal.App.2d 708 (Cal. Ct. App. 1967)An

17   order granting the motion is tantamount to an order sustaining a demurrer without

18   leave to amend. ( Id.) [3] Where it is possible to amend the complaint to state a cause of

19   action and the plaintiff is not afforded an opportunity to amend, a dismissal, whether

20

21

22   upon motion or demurrer, is error. ( Pacific Paving Co. v. Vizelich, 141 Cal. 4, 10 [ 74 P.

23   352]; Covo v. Lobue, 220 Cal.App.2d 218, 221 [ 33 Cal.Rptr. 828]; Miller v. McLaglen, 82

24   Cal.App.2d 219, 228 [ 186 P.2d 48].) [4] Plaintiffs concede the dismissal of the fourth

25   cause of action in their complaint

26

27   was proper, but contend the dismissal of the first and third causes of action was

28   BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
     LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 50

improper. The first cause of action sets forth facts that possibly could be the basis for recovery under two different legal theories; one, upon the ground of fraud; and the other upon a breach of contract to enter into a joint venture. With respect to the representation the corporation would contribute one-fourth of the cost of construction of the trailer park, i.e.Approximately $100,000, two possible causes of action are indicated. One is that this representation constituted a promise by the corporation which was part of an agreement to enter into a joint venture, as distinguished from a part of the joint venture agreement, the breach of which might be asserted as a basis for recovery of damages by plaintiffs. ( Long v. Newlin, 144 Cal.App.2d 509, 513 [ 301 P.2d 271]; see also San Francisco Iron etc. Co. v. American Milling etc. Co., 115 Cal.App. 238, 249 [ 1 P.2d 1008].) Another possible cause of action is that this representation was a promise made without intent to perform, in reliance. Kevorkian v. L.A. Cnty. Sheriff's Dep't, No. B292769 (Cal. Ct. App. Feb. 18, 2020) The SAC alleges the facts of the August 22, 2014 incident in greater detail than the FAC. On July 20, 2018 the trial court sustained defendants' demurrer to the SAC without leave to amend, finding the

SECOND AMENDED COMPLAINTDATE: MARCH 28, 2023TIME: 8:30 A.M.DEPT. 22 - 57

SAC"again fails to sufficiently allege a policy or widespread practice on the part of the moving defendants or the department which is the subject of this action." The court found Kevorkian's failure to correct the flaws in the previous pleading or to demonstrate how he could amend to address those defects warranted denial of further leave to amend. A. Standard of Review "'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.'" (King v. CompPartners, Inc. (2018) 5 Cal.5th 1039, 1050 (King); accord, T.H. v. Novartis Pharmaceuticals Corp. (2017) 4 Cal.5th 145, 162.) The SAC fails to allege an official policy or custom responsible for

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 51

the alleged violations of Kevorkian's rights We agree with defendants the SAC fails to

allege an official policy or custom that caused the alleged constitutional

violationsKevorkian v. L.A. Cnty. Sheriff's Dep't, No. B290670 (Cal. Ct. App. Jan. 21,

2020) A. Standard of Review "'In reviewing an order sustaining a demurrer, we

examine the operative complaint de novo to determine whether it alleges facts sufficient

to state a cause of action under any legal theory.'" (King v. CompPartners, Inc. (2018) 5

Cal.5th 1039, 1050 (King); accord, T.H. v. Novartis Pharmaceuticals Corp. (2017) 4 Cal.5th

145, 162.) When evaluating the complaint, "we assume the truth of the allegations." (Lee

v. Hanley (2015) 61 Cal.4th 1225, 1230; accord, McCall v. PacifiCare of Cal., Inc. (2001)

25 Cal.4th 412, 415.) "If the demurrer was sustained without leave to amend, we

consider whether there is a 'reasonable possibility' that the defect in the complaint could

be cured by amendment." (King, supra, 5 Cal.5th at p.1050.) "The burden is on

plaintiff[] to prove that amendment could cure the defect." (Ibid.) Plaintiff "'may [even]

meet this burden [for the first time] on appeal.'" (Sierra Palms Homeowners Assn. v.

Metro Gold Line Foothill Extension Construction Authority (2018) 19 Cal.App.5th 1127,

1132; accord, Aubry v. Tri-City Hospital Dist. (1992) 2 Cal.4th 962, 971.)

FEUER, J. California Rules of Court, rule 8.1115(a), prohibits courts and

parties from citing or relying on opinions not certified for publication or ordered

published, except as specified by rule 8.1115(b).

Nicolosi Distrib., Inc. v. Annex Santa Clara Inc., No. A145232 (Cal. Ct. App. Oct. 3, 2016)]

The standard of review is the same, as we confirmed in Caldera Pharmaceuticals, Inc. v.

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 52

Regents of University of California (2012) 205 Cal.App.4th 338, 350: "A motion

for judgment on the pleadings, made after the time for a demurrer has expired, in all

other respects is the equivalent of a general demurrer. Like a demurrer, grounds for the

motion must appear on the face of the complaint or be based on facts capable of judicial

notice. We review the complaint de novo to determine whether the complaint states a

cause of action, as a matter of law." (Bufilv. Dollar Financial Group, Inc. (2008) 162

Cal.App.4th 1193, 1202.) In conducting this review, we accept, and liberally construe, the

truth of the complaint's properly pled factual allegations, but not contentions,

deductions, or conclusions of fact or law. (Gerawan Farming, Inc. v. Lyons (2000) 24

Cal.4th 468, 515-516; Sprague v. County of San Diego (2003) 106 Cal.App.4th 119, 127.)

\

We are not concerned with [Nicolosi's] ability to prove its allegations, only whether its a

second amended complaint shows that it makes a claim for some relief. . . ." (Frances T.

v. Village Green Owners Assn. (1986) 42 Cal.3d 490, 496, fn. 2; Matteson v. Wagoner

(1905) 147 Cal.739, 742; Grain v. Aldrich (1869) 38 Cal. 514, 520.)" This court explored

the "sham pleading" doctrine in Vallejo Development Co. v. BeckCrawford v. JPMorgan

Chase Bank, No. C077554 (Cal. Ct. App. Aug. 29, 2018) The trial court sustained the

defendants' demurrers to the first and second amended complaint. Crawford argues he

stated valid causes of action for negligence and declaratory relief. We shall conclude the

trial court properly sustained defendant's demurrers to Crawford's negligence cause of

action without leave to amend because defendants had no duty to offer him a loan

modification he could afford, and he has not alleged any facts to indicate defendants

abused the loan modification process. The defendants' demurrer to Crawford's cause of

action for declaratory relief was also properly sustained without leave to amend because

he had no standing to allege that the assignment of his promissory note and deed of trust

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 53

was voidable. We shall affirm the judgment of the trial court. Blomquist v. Cnty. of Santa

Clara, No. H045975 (Cal. Ct. App. Apr. 11, 2022) The trial court sustained demurrers to

the operative third amended petition, finding that the petition was fatally uncertain. We

will affirm the judgment of dismissal because appellants failed to state facts sufficient to

constitute a cause of action and have not demonstrated a reasonable possibility that

further amendment would cure that defect. The trial court sustained demurrers to the

first amended petition on grounds of uncertainty and failure to state a cause of action,

and granted leave to amend. Appellants filed a second amended petition, and the trial

court again sustained demurrers to that pleading because the court found it

"ambiguous, uncertain, and incomprehensible." The court granted leave to amend, but

admonished appellants to "remove all extraneous allegations and references to law that

do not support a grant of writ of mandate for the facts in this case." (Underscoring

omitted.) The operative petition was filed in December 2017.JPMorgan Chase Bank v.

Ward, 33 Cal.App.5th 678 (Cal. Ct. App. 2019) The trial court sustained two general

demurrers to Chase's complaint, entered a judgment of dismissal, and awarded

contractual attorney fees and costs to Walter's son, David Ward, the successor trustee of

the trust that held the property. We believe the central issue on appeal is whether Chase

may reframe its action by amendment to omit a fatal allegation in its original complaint.

Because we conclude it can, notwithstanding the sham pleading doctrine, the court

should have granted leave to amend. Accordingly, we reverse the judgment and the post

judgment order and direct the court to enter a new order sustaining the general

demurrers with leave to amend. Evans v. Bosa Dev. Cal. II, Inc., No. D078272 (Cal. Ct.

App. Jul. 27, 2022) No abuse appears on this record. If an appellant shows, even for the

first time on appeal, that her complaint could be amended to overcome a defense legal

theory, we must reverse the judgment to allow that amendment. (City of Stockton v.

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 54

1    Superior Court (2007) 42 Cal.4th 730, 746-747; Ochs v. PacifiCare of California (2004)

2    115 Cal.App.4th 782, 796.) However, the appellant has the burden of proving an

3    amendment would cure the complaint's defect. (Blank, supra, 39 Cal.3d at p. 318; Banis

4

5    Restaurant Design, Inc. v. Serrano (2005) 134 Cal.App.4th 1035, 1044.) "[W]hen a

6    complaint contains allegations that are fatal to a cause of action, a plaintiff cannot avoid

7    those defects simply by filing an amended complaint that omits the problematic facts or

8    pleads facts inconsistent with those alleged earlier." (Banis, at p. 1044.) At the hearing

9    on Bosa's second demurrer, Evans' counsel argued: "[T]here were various promises

10   made by Bosa to the effect of, quote, you know, we have a deal. All we need are

11   renderings. In re Ferrante, SACV 22-1087-MWF (C.D. Cal. Dec. 6, 2022) In sum, while

12   rescission is not a cause of action, a party seeking to "enforce a rescission,"must

13   sufficiently plead, as part of its claim for restitution or other relief, that there are

14   statutory grounds for rescission. (See OB at 22); see also Nmsbpcsldhb v. Cnty. of Fresno,

15   152 Cal.App.4th 954, 959, 61 Cal.Rptr.3d 425 (2007) ("A party to a contract cannot

16   rescind at his pleasure, but only for some one or more of the causes enumerated in

17   section 1689 of the Civil Code."). Therefore, because it is Appellant that insists that she

18   is entitled to relief based on the fact that Col. Seay rescinded the contract, the Amended

19   Order simply noted that Appellant was granted leave to amend to establish one of the

20   grounds that would entitle her to rescission (and restitution thereafter). Specifically, in

21   the opinion attached to the Amended Order, the Bankruptcy Court stated: [G]living all

22   benefit of the doubt to [Appellant], this court is inclined to grant [Appellant] one

23   additional leave to amend the complaint to allege new facts (not the same facts

24   repackaged) that would plausibly sustain [Appellant's] rescission theory. To be clear, the

25   District Court affirmed the dismissal, so only new facts and theories for relief plausibly

26

27

28   BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
     LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 55

1  based thereon in an amended complaint can defeat a motion to dismiss. (ER 74)

2  (emphasis in original). See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); Loos v.

3  Immersion Corp., 762 F.3d 880 (9th Cir. 2014) (holding that the district court did not

4  abuse its discretion in dismissing claim without leave to amend where the plaintiff did

5  not correct the deficiencies identified in his original complaint, the court gave a detailed

6  explanation to the plaintiff as to why his original theory was deficient, but plaintiff

7  essentially re-pled the same facts and legal theories in his amended complaint); Fidelity

8  Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432 (9th Cir.

9  1986) (similar). City of Oakland v. The Oakland Raiders, 83 Cal.App.5th 458 (Cal. Ct. App.

10  2022) "In an appeal from a judgment following an order sustaining a demurrer without

11  leave to amend, we first review de novo 'whether the complaint states facts sufficient to

12  constitute a cause of action.' " ( Jane Doe No. 1 v. Uber Technologies, Inc. (2022) 79

13  Cal.App.5th 410, 419, 294 Cal.Rptr.3d 664 ; see Schmier v. City of Berkeley (2022) 76

14  Cal.App.5th 549, 553, fn. 4, 291 Cal.Rptr.3d 431.) " " '[W]e accept as true all material

15  facts alleged in the complaint, but not contentions, deductions or conclusions of fact or

16  law. We also consider matters that may be judicially noticed.' " " ( City of Coronado , at

17  p. 35, 295 Cal.Rptr.3d 384 ; see Schmier , at p. 553, fn. 4, 291 Cal.Rptr.3d 431.) If the

18  complaint does not allege facts sufficient to constitute a cause of action, we determine

19  whether there is a reasonable possibility the plaintiff can cure the defect by amendment.

20  If so, the trial court has abused its discretion, and we reverse; if not, we affirm. ( City of

21  Coronado v. San Diego Assn. of Governments , supra , 80 Cal.App.5th at p. 35, 295

22

23  Cal.Rptr.3d 384 ; All of US or None–Riverside Chapter v. Hamrick (2021) 64 Cal.App.5th

24  751, 763, 279 Cal.Rptr.3d 422.) The plaintiff has the burden to show a reasonable

25  possibility it can amend the complaint to state a cause of action. ( City of Coronado , at p.

26  35, 295 Cal.Rptr.3d 384 ; Hamrick , at p. 763, 279 Cal.Rptr.3d 422.) B. The City Is Not a

27  Third Party Beneficiary of the Relocation Policy Civil Code section 1559 provides "a

28  BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 56

1    contract, made expressly for the benefit of a third person, may be enforced by him [or

2    her] at any time before the parties thereto rescind it." Section 430.41

3

4    **Conclusion**

5

6    The Plaintiff has presented his 2nd amended Complaint on the 10 day time limit

7    afforded the PLaintiff according to Judge Danny Y. Chou and the Court.

8

9    **DEMAND FOR A JURY TRIAL**

10

11   Plaintiff hereby demands a jury of our peers for adjudication and hearing.

12

13   **DEMAND FOR RELIEF**

14

15   PLaintiff requests an award of damages, plus any other compensatory damages,

16   punitive damages, interest, attorney fees, and any other relief the court deems fitting.

17

18   The Plaintiff asks for $ 5,000,000.00

19

20   ____//s//Thomas E. Rothschild//s//

21

22   **Thomas E Rothschild**

23

24   _____//Thomas A. Cady //s//          A/k/a Thomas A. Cady

25

26   **Plaintiff**

27

28   BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
     LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 57

Dated_APRIL 4,2023 _____

I hereby swear and declare I have sent an electronic copy to the Defendants and their attorney

representing in the matter:    SGILDRED@AOL.COM

6TH Avenue

Tacoma, Washington,  98406

i SWEAR AND AFFY that I electronically emailed to these email addresses after filing with the

court and mailed a copy by regular mail on this date March 28, 2023 to the above address

_____
                    //S// THOMAS ETIENNE ROTHSCHILD
_____

Dated  April 4, 2023

BREACH OF COVENANT OF QUIET ENJOYMENTBREACH OF WARRANTYSTRICT
LIABILITYPUNITIVE DAMAGES NEGLIGENCE AND NEGLIGENCE PER SE  - 58