UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYER AMSCHEL ROTHSCHILD,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE ANN GILDRED, et al.,<br><br>Defendants. | Case No. 23-cv-02105-LJC<br><br>**ORDER DENYING MOTION TO ADD ADDITIONAL DEFENDANT AND MOTION TO BIFUCRATE**<br><br>Re: ECF Nos. 17, 26 |

Pending before the Court are two motions from Plaintiff Mayer Amschel Rothschild, who is unrepresented. One is a Motion to Add Additional Defendant[1] (ECF No. 17) and the other is a Motion to Bifurcate[2] (ECF No. 26). The time for filing a response or opposition has passed.[3] For the reasons explained below, both motions are hereby **DENIED**.

**I.  MOTION TO ADD ADDITIONAL DEFENDANT**

On November 17, 2023, Mr. Rothschild filed a Motion to Add Additional Defendant which requests leave to join Stephen Wagstaffe, District Attorney for San Mateo County, as a defendant and assert federal claims against him for violation of Mr. Rothschild's federal constitutional rights. ECF No. 17. At no point does Mr. Rothschild contend that Mr. Wagstaffe was involved in the events which gave rise to the existing claims in the First Amended Complaint (FAC). Rather, Mr. Rothschild alleges that Mr. Wagstaffe has "effectively interfered" in the

---

[1] Although Mr. Rothschild filed the motion on ECF as a "Motion for Hearing," the caption page describes it as a "Motion to Add Additional Defendant." ECF No. 17 at 1.

[2] Mr. Rothschild filed the motion on ECF as a "Motion to Bifurcate," however, the caption page describes it as "Opposing Motion to Combine and/or Consolidate the Two Cases CIV 1721 and CIV 2105." ECF No. 26 at 1. For ease of reference, the Court will refer to the motion as a "Motion to Bifurcate."

[3] Both motions were filed and became ripe before the case was reassigned to the undersigned on May 3, 2024.

adjudication of his claims in this and other cases Mr. Rothschild has filed in this District. *Id.* at 6.[4] He makes no allegations as to how Mr. Wagstaffe has interfered. According to Mr. Rothschild, Mr. Wagstaffe unfairly prosecuted him in state court and pursued his conviction in an unrelated criminal case "for his record because he planned to run for Governor." *Id.* Mr. Rothschild alleges that this is a "personal" matter for Mr. Wagstaffe, and that Mr. Wagstaffe violated his civil rights under the Fourth and Fourteenth Amendments. *Id.*

Although Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs courts to freely give leave to amend "when justice so requires," the circumstances here do not warrant providing Mr. Rothschild such an opportunity. In determining whether to grant a motion to amend, courts may consider, *inter alia*, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

Mr. Rothschild was already granted an opportunity to amend his complaint, on July 27, 2023, after he filed a Motion to Amend/Correct requesting leave to amend. ECF Nos. 6, 8. He did not join Mr. Wagstaffe as a defendant then despite his suggestion in the Motion to Add Additional Defendant that the criminal case which Mr. Wagstaffe prosecuted has been ongoing for a significant amount of time. *See* ECF No. 17 at 6 ("This case has been going on long after the statutory laws of length and time of prosecution.") More importantly, Mr. Rothschild requests leave to add a defendant and federal claims against that defendant with no connection to the claims presently asserted in the FAC. *See Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1254 (N.D. Cal. 2014) (denying leave to amend where the plaintiff requested leave to amend "irrelevant and unrelated defendants" with no relationship to "the employment claims alleged in this action.")

Finally, Mr. Rothschild already filed a lawsuit in this District asserting claims against Mr. Wagstaffe based on the alleged violation of his federal constitutional rights, with allegations that are very similar to those made in the Motion to Add Additional Defendant. *See Rothschild v.*

---

[4] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system.

*Wagstaffe et al.*, Case No. 23-cv-05739-CRB.  The undersigned screened Mr. Rothschild's complaint in that case pursuant to 28 U.S.C. § 1915(e)(2)(B) and eventually issued a report and recommendation recommending that the complaint be dismissed.  *Id.*, ECF Nos. 11, 16.  Because not all parties had consented to the jurisdiction of a magistrate judge, the case was reassigned to The Honorable Charles R. Breyer, who adopted the report and recommendation, dismissed the complaint with prejudice, and entered judgment for Defendants and against Mr. Rothschild.  *Id.*, ECF Nos., 18, 19.  Since Mr. Rothschild already had the opportunity to assert his civil rights claims against Mr. Wagstaffe based on the same events described in the Motion to Add Additional Defendant, there is no prejudice to denying him the opportunity to add Mr. Wagstaffe as a defendant to this action.  The motion is **DENIED**.

## II.     MOTION TO BIFURCATE

The Motion to Bifurcate is also **DENIED**.  As an initial matter, the motion was improper when brought because the two cases—this action and *Rothschild v. The Pacific Companies*, Case No. 23-cv-01721—were not consolidated at the time.  There was a pending Motion to Relate and for Consolidation filed in *The Pacific Companies* (*id.*, ECF No. 50) but the motion had not yet been ruled on by the Court when Mr. Rothschild filed the Motion to Bifurcate.  Moreover, although the Court granted The Pacific Companies' request to relate the two cases pursuant to Civil Local Rule 3-12, it ultimately denied the request for consolidation.  *Id.*, ECF No. 54.  The cases are not and never have been consolidated, thus, they cannot as a procedural matter be bifurcated.

More importantly, Mr. Rothschild's Motion to Bifurcate is clearly intended as an opposition to The Pacific Companies' Motion to Relate and for Consolidation.  But Mr. Rothschild had already filed his Opposition to the Motion to Relate and for Consolidation in Case No. 23-cv-01721, which is where that motion was filed.  *See id.*, ECF No. 52.  The Court considered Mr. Rothschild's objections and his unrelated requests (a request to "oversee communications" between the parties as well as a request to transfer the case(s) to "Tampa U.S. District Court") as presented in that Opposition and addressed them in its Order denying in part and granting in part the Motion to Relate and for Consolidation.  *Id.*, ECF No. 54.  Accordingly,

there is nothing left to address by the Court.

**III. CONCLUSION**

For the reasons stated above, Mr. Rothschild's Motion to Add Additional Defendant and Motion to Bifurcate are both **DENIED**.

**IT IS SO ORDERED.**

Dated: May 6, 2024

                                                                                    _____
                                                                                    LISA J. CISNEROS
                                                                                    United States Magistrate Judge