UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYER AMSCHEL ROTHSCHILD,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE ANN GILDRED, et al.,<br><br>Defendants. | Case No.  23-cv-02105-LJC<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS**<br><br>Re: Dkt. No. 38 |

## I.    INTRODUCTION

Plaintiff Mayer Amschel Rothschild, pro se, brings this action against Defendants Stephanie Gildred and Lorton Management Corporation (Lorton Management), alleging breach of quiet enjoyment, strict liability, negligence and negligence per se claims.  ECF No. 12 (First Amended Complaint) (FAC).  Defendants move to dismiss Plaintiff's FAC based on lack of subject matter jurisdiction and failure to state a cause of action.

The Court held a hearing on the Motion to Dismiss.  ECF No. 54.  Having considered the papers submitted by the parties and the oral arguments presented, for the reasons discussed below, Defendants' Motion to Dismiss for lack of subject matter jurisdiction is DENIED and Defendants' Motion to Dismiss for failure to state a claim is GRANTED.  Plaintiff is given leave to amend his complaint.

## II.    BACKGROUND

### A.    Plaintiff's Complaint[1]

For approximately ten years, Plaintiff lived with his then-fiancé, Defendant Stephanie

---

[1] Because a plaintiff's factual allegations are generally taken as true in resolving a motion to dismiss under Rule 12(b)(6), this section summarizes Plaintiff's allegations as if true.  Nothing in

United States District Court
Northern District of California

1   Gildred (Gildred), in a residential apartment complex at 128 Lorton Avenue, Burlingame,

2   California.  FAC at 2.[2]  The 128 Lorton building was owned by Gildred and Lorton Management.[3]

3   *See id.* at 4.  Plaintiff had a signed lease agreement with Defendants.  While Plaintiff lived with

4   Gildred at 128 Lorton, he "performed extensive" remodels of the property, investing in excess of

5   $2,000,000 in the property.  *Id*.  Defendants did not reimburse him for his work or materials.  *Id*.

6   Plaintiff alleges that there were "rats and vermin in the property" and that "the premises was dirty

7   and at times uninhabitable due to the neglect by Defendant," but does not specify when this

8   occurred.  *Id*.

9       In 2019, while Plaintiff was living at 128 Lorton Avenue with Gildred, a contracting

10  company, The Pacific Companies (TPC), began constructing a five-story parking garage at the

11  adjacent lot.  *Id*. at 2-3.  The construction of the parking garage was a "hardship" on Plaintiff and

12  caused Plaintiff to suffer from "[d]ust inhalation, COPD, Heart Issues, Nervous Disorder, and

13  Alcoholism[.]"  *Id*. at 3-4.  Defendants "turned a blind eye … to the noise of the development next

14  door[.]"  *Id*. at 4.

15      While the parking garage was being constructed, TPC approached Plaintiff and Defendants

16  with a business proposal to develop the apartment complex at 128 Lorton into a five-story

17  condominium development.  *Id*. at 3.  Despite the alleged nuisance caused by TPC's construction

18  of the neighboring parking garage, Plaintiff and Defendants engaged with TPC's proposal.

19  Plaintiff alleges that in or around 2019 or 2020, he and Defendants entered into an agreement with

20  TPC to develop 128 Lorton into a five-story apartment complex.  *Id*. at 2.  TPC's CEO, Caleb

21  Roope, drafted a terms sheet for the project.  TPC developed the plans and specifications for the

22  project, and Plaintiff "worked hand in hand with Defendant[s] and the personnel of [TPC] to gain

23

24  this Order should be construed as resolving any issue of fact that might be disputed at a later stage
    of the case.
25  [2] Unless otherwise noted, this Order refers to page numbers as assigned by the Court's ECF filing
    system.
26
    [3] Plaintiff alleges that "Defendant" was "both Landlord and Fee Owner" of 128 Lorton Avenue,
27  without specifying which defendant he is referring to. FAC at 4.  As the Court must construe the
    pro se plaintiff's pleadings liberally, for purposes of deciding this motion, the Court considers
28  both Stephanie Gildred and Lorton Management owners of 128 Lorton Avenue.  *See Hebbe v.
    Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

approval, talk to architects, color selection, surveys, [and] studies all necessary to develop the property." *Id.* at 3. At some later time, TPC gave the plans and architectural drawings for the development to Ms. Gildred. *Id.* at 3-4. Ms. Gildred decided to not develop the property and eventually sold 128 Lorton. *Id.*

### B.    Procedural History

Plaintiff brought this action in forma pauperis (IFP) against Defendants on May 1, 2023. ECF Nos. 1, 2. He has a separate lawsuit against TPC, filed on April 10, 2023. *Rothschild v. The Pacific Companies*, No. 23-cv-1721 (N.D. Cal. Apr. 10, 2023), ECF No. 1 (Pacific Companies Action). On June 12, 2023, Plaintiff filed a Motion to Amend/Correct the Complaint in this action, which was granted with his IFP application. ECF No. 6, 8. He subsequently filed the First Amended Complaint (FAC), alleging breach of quiet enjoyment, strict liability, negligence, and negligence per se. *See* FAC. The FAC was screened pursuant to 20 U.S.C. § 1915 (e)(2)(B) and the court found that it would benefit from adversarial briefing and allowed the complaint to proceed. ECF No. 21.

Defendants filed the present Motion to Dismiss the FAC on May 14, 2024, on the basis that Plaintiff failed to state a cause of action under Rule 12(b)(6) and failed to establish subject matter jurisdiction under Rule 12(b)(1). ECF No. 38. Shortly before the hearing on the Motion to Dismiss, Plaintiff filed two sur-replies without leave of the Court.[4] ECF Nos. 52, 53. After the hearing, he filed an Administrative Motion in his Pacific Companies Action, requesting that the court accept his late-filed sur-replies. *See Rothschild v. The Pacific Companies*, ECF No. 70.

## III.    ANALYSIS

### A.    Administrative Motion

The Court GRANTS IN PART and DENIES IN PART Plaintiff's Administrative Motion to Accept Late Filing of Opposition to Motion to Dismiss and Request for Leave to File Fourth Amended Complaint erroneously filed only in the Pacific Companies Action. *See Rothschild v.*

---

[4] Although Plaintiff labels these documents oppositions, the Court construes the documents filed at ECF Nos. 52 and 53 as sur-replies as Plaintiff already filed his opposition to the Motion to Dismiss.

1    *The Pacific Companies*, ECF No. 70.  Although the administrative motion was not filed on both

2    dockets, it was captioned with the case name and number for this action and the Pacific

3    Companies Action, and the Court finds it appropriate to rule on it here. The Court GRANTS IN

4    PART Plaintiff's motion to the extent he requests that the Court accept his two late-filed sur-reply

5    briefs, ECF Nos. 52, 53, which were filed in the docket for this action shortly before the hearing

6    on the motion to dismiss.  Local Rule 7-3(d) requires that any party that wishes to file any

7    additional materials after they have filed a reply must, with narrow exceptions, first obtain court

8    approval.  Civ. L.R. 7-3(d).  Plaintiff, in filing his sur-replies before requesting leave of the court,

9    did not follow the applicable local rule.  Moreover, he filed his administrative motion for the

10    Court to consider his sur-replies in the incorrect case.  Despite these deficiencies, given Plaintiff's

11    status as a pro se litigant, the Court will consider the sur-replies in this ruling.  *See Wescott v.*

12    *Stephens*, No. 17-CV-05837, 2018 WL 1730327, at *1 n.2 (N.D. Cal. Apr. 10, 2018) (considering

13    a pro se plaintiff's sur-replies filed without the court's permission).  The Court will consider facts

14    first alleged in the sur-replies only in evaluating whether to grant leave to amend

15        The Court DENIES IN PART Plaintiff's administrative motion to the extent Plaintiff seeks

16    to file a Fourth Amended Complaint as premature, as Plaintiff has not yet filed a second or third

17    amended complaint in this action.

18        **B.**      **Defendants' Request for Judicial Notice**

19        Defendants request that the Court take judicial notice of two filings and a court order in an

20    Arizona state court action, CV2021-010819, filed by Plaintiff, then going by Thomas A. Cady,

21    against Gildred, the City of Burlingame, Clarum Homes, and Clarum Company.  ECF Nos. 38 at

22    4, 38-1, 38-2, 38-3.  It is proper for courts to take judicial notice of facts "not subject to reasonable

23    dispute because [they]…can be accurately and readily determined from sources whose accuracy

24    cannot reasonably be questioned." Fed. R. Ev. 201(b).  The court accordingly takes judicial notice

25    of the existence of the Arizona state court filings.

26        **C.**      **12(b)(1) Motion to Dismiss**

27            **1.**      **Legal Standard**

28    A complaint that fails to allege diversity of citizenship and the proper amount in

controversy is subject to a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Rilling v. Burlington Northern R.R. Co*., 909 F.2d 399, 401 (9th Cir. 1990). Where a Rule 12(b)(1) motion is made on the basis that the complaint does not properly allege subject matter jurisdiction, courts decide the motion based only on the complaint, attachments to the complaint, and judicially noticed or otherwise undisputed facts. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Rilling v. Burlington Northern R.R.*, 909 F.2d at 401.

Courts have diversity jurisdiction over civil actions "whether matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. § 1332. "The amount in controversy is simply an estimate of the total amount in dispute." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c).

### 2.     Subject Matter Jurisdiction

Defendants argue that Plaintiff's FAC should be dismissed for lack of subject matter jurisdiction because Plaintiff has not properly alleged diversity between the parties. ECF No. 38 at 5. Plaintiff's claims in the FAC are all based on state law, and thus, he cannot establish subject matter jurisdiction by way of a federal question. *See* FAC; *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016). Accordingly, to establish subject matter jurisdiction, he must allege complete diversity of the parties and that the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005) (holding that section 1332(a) requires "complete diversity between all plaintiffs and all defendants").

Plaintiff alleges that he "invested in excess of $2,000,000.00" in remodeling 128 Lorton, and requests $5,000,000 in damages in this action. FAC at 4, 8. The "total amount in dispute" in this action accordingly exceeds $75,000 and satisfies the amount in controversy requirement. *Lewis*, 627 F.3d at 400.

United States District Court
Northern District of California

Plaintiff alleges that he is domiciled in Florida.  FAC at 2.  He alleges that Defendant Stephanie Gildred is domiciled in Washington.  *Id.* at 1-2.  Although he alleges that Lorton Management has a "statutory address" in California, he does not allege where Lorton Management is incorporated or where its principal place of business is located.  *Id.*; *see* 28 U.S.C. § 1332(c)(1); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 824 (9th Cir. 2002) (holding that a complaint that failed to allege where a corporation was incorporated or had its principal place of business "improperly pled the necessary facts to establish […] diversity").  Although the allegations in Plaintiff's FAC are insufficient to establish where Lorton Management is a citizen, in ruling on a 12(b)(1) motion, courts may consider matters that may be judicially noticed.  Under Federal Rule of Evidence 201, courts "may take judicial notice on its own" of a fact "not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  This encompasses "matters of public record" and "government documents available from reliable sources on the internet, such as websites run by government agencies."  *Lee v. City of Los Angeles*, 250 F.3d 688, 689 (9th Cir. 2001); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033-34 (C.D. Cal. 2015).  Courts thus may take judicial notice of business entity profiles and documents on the California Secretary of State's website, as such government source's accuracy "cannot reasonably be questioned."  Fed. R. Evid. 201; *Gerritsen*, 112 F. Supp. 3d at 1033-34. The Court accordingly takes judicial notice of Lorton Management's business entity profile on the Secretary of State website, which shows that Lorton Management was incorporated in California in 2012 and its principal address is 14778 Via Campestre, Del Mar, California.  On this basis, the Court determines that Lorton Management is a citizen of California and there is complete diversity between Plaintiff and the Defendants.  Defendants' motion to dismiss based on lack of subject matter jurisdiction is DENIED.

### D.    12(b)(6) Motion to Dismiss

#### 1.    Legal Standard

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019)

1    (citation and internal quotation marks omitted).  A complaint generally must include a "short and

2    plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P.

3    8(a)(2).

4          A court reviewing a 12(b)(6) motion must "accept all factual allegations in the complaint

5    as true and construe the pleadings in the light most favorable to the nonmoving party."  *Outdoor*

6    *Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).  "Threadbare recitals

7    of the elements of a cause of action . . . do not suffice," however, and a court need not credit "legal

8    conclusions" or "mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

9    The allegations in the complaint "must be enough to raise a right to relief above the speculative

10   level[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must demonstrate

11   "facial plausibility" by pleading "factual content that allows the court to draw the reasonable

12   inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When

13   the complaint has been filed by a pro se plaintiff, a court must "construe the pleadings liberally

14   and . . . afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th

15   Cir. 2010) (citation omitted).

16         A court's review under Rule 12(b)(6) is generally limited to the contents of a complaint,

17   with the exception of materials incorporated by reference in a complaint or materials subject to

18   judicial notice.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  A

19   court should not consider facts first alleged in a plaintiff's opposition papers, although such new

20   facts may be considered when deciding whether to dismiss with or without prejudice.  *See Orion*

21   *Tire Corp. v. Goodyear Tire & Rubber Co., Inc.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001).

22                    **2.    Plaintiff's Claims**

23         Plaintiff asserts claims against Defendants for breach of quiet enjoyment, strict liability,

24   negligence, and negligence per se. Defendants' Motion is GRANTED as to all four claims.

25   Plaintiff is granted leave to amend.

26                    **a.    Breach of Quiet Enjoyment**

27         California law recognizes that "in the absence of language to the contrary, every lease

28   contains an implied covenant of quiet enjoyment[.]"  *Erlach v. Sierra Asset Servicing, LLC,* 226

United States District Court
Northern District of California

Cal. App. 4th 1281, 1300 (2014). This covenant protects tenants "against any act or omission on the part of the landlord, or anyone claiming under him, which interferes with a tenant's right to use and enjoy the premises for the purposes contemplated by the tenancy." *Id.* The covenant of quiet enjoyment:

> [R]uns between the tenants and the landlord from whom they are renting the property. Therefore, while nuisance activities on neighboring premises, not owned or controlled by the aggrieved tenant's landlord, may interfere with a tenant's quiet enjoyment, such conduct does not amount to a breach of the covenant of quiet enjoyment as between tenant and landlord.

*Andrews v. Mobile Aire Ests.*, 125 Cal. App. 4th 578, 590 n.9 (2005).

Plaintiff alleges, and the Court accepts as true for purposes of ruling on this motion, that Plaintiff and Defendants signed a lease agreement for Plaintiff to reside at 128 Lorton Avenue. FAC at 4. Plaintiff alleges that Defendants breached the implied covenant of quiet enjoyment with respect to the odor, noise, and pollution from TPC's construction site next door. FAC at 4–5. But Plaintiff does not allege that either Gildred or Lorton Management owned the site where the construction was taking place, nor does he explain if or how they had control over TPC's construction. *See id.* Plaintiff alleges that Defendants "turned a blind eye and ear to the noise of the development next door and placated the situation, due to an agenda of future gain in the future sale of the property." *Id.* at 4. But Defendants' alleged indifference to the "nuisance activities" from the premises next door "does not amount to a breach of the covenant of quiet enjoyment as between" Plaintiff and Defendants. *Andrews*, 125 Cal.4th at 590, n.9; *see* FAC at 4-5.

Plaintiff's allegations that Defendants breached the covenant of quiet enjoyment by neglecting the property at 128 Lorton, which made the property "dirty and at times uninhabitable" and created a rodent problem, are more availing, as he alleges that Defendants' inaction interfered with his ability to use the property. FAC at 4; *see Ghazaryan v. Shabazian*, No. LA CV17-08245, 2018 WL 6190347, at *6 (C.D. Cal. Aug. 2, 2018). However, for Plaintiff to prevail, he must allege facts showing that the breach was substantial. *See Ghazaryan*, 2018 WL 6190347, at *6. "Minor inconveniences and annoyances are not actionable breaches of the implied covenant of quiet enjoyment." *Andrews*, 125 Cal. App. 4th at 589. Plaintiff's limited allegations that the

1    property was "dirty" and that there "were rats and vermin in the property" are not sufficient to

2    show that the breach was substantial.  Plaintiff's breach of quiet enjoyment claim is thus

3    dismissed.

### b.    Strict Liability

5    Plaintiff next asserts a strict liability claim against Defendants, apparently based on

6    Defendants' failure to "mitigate the rodent/rat problem in the property."  FAC at 6.  California

7    courts impose strict liability on harm caused by "ultrahazardous" activities.  *Lipson v. Superior*

8    *Court*, 31 Cal.3d 362, 375 (1982).  "An activity is ultrahazardous if it (a) necessarily involves a

9    risk of serious harm to the person, land or chattels of others which cannot be eliminated by the

10   exercise of the utmost care, and (b) is not a matter of common usage."  *Id.* at 374 n.7 (citing

11   *Luthringer v. Moore*, 31 Cal.2d 489, 500 (1948)).  Plaintiff does not allege facts to support that

12   Defendants' failure to mitigate the rodent problem creates a "risk of serious harm" or is so

13   uncommon as to warrant strict liability.  *Id.; see* FAC at 6.  Plaintiff's strict liability claim is

14   accordingly dismissed.

### c.    Negligence and Negligence Per Se

16   To properly plead negligence, Plaintiff must allege facts showing that Defendants had a

17   duty of care towards him, that they breached that duty, and that their breach caused his damages.

18   *See Carlsen v. Koivumaki*, 227 Cal. App. 4th 879, 892–93 (2014).  While landlords have a duty to

19   use "ordinary care or skill in the management" of their property, Plaintiff does not specify that he

20   is seeking to hold Defendants liable for breach of this duty.  Cal. Civ. Code § 1714(a); *see Stone v.*

21   *Center Trust Retail Properties, Inc.*, 163 Cal.Ap..4th 608, 612 (2008).  Assuming that Plaintiff is

22   claiming that Defendants, as his former landlord, had a duty to use reasonable care regarding their

23   property, he fails to identify how Defendants breached this duty or how the breach harmed

24   Plaintiff.  *See* FAC at 7-8.  Plaintiff's FAC contains only "[t]hreadbare recitals" of the basic

25   elements of negligence law.  *Iqbal*, 556 U.S. at 663.  The negligence claim is dismissed.

26   Plaintiff also alleges negligence per se.  FAC at 8.  To state a claim for negligence per se, a

27   plaintiff must establish  "(1) the defendant violated a statute, ordinance, or regulation; (2) the

28   violation proximately caused death or injury to person or property; (3) the death or injury resulted

United States District Court
Northern District of California

9

1    from an occurrence the nature of which the statute, ordinance, or regulation was designed to

2    prevent; and (4) the person suffering the death or the injury to his person or property was one of

3    the class of persons for whose protection the statute, ordinance, or regulation was adopted." 

4    *Taulbee v. EJ Distribution Corp.,* 35 Cal. App. 5th 590, 596 (2019) (citation omitted).  Plaintiff

5    has not identified any "statute, ordinance, or regulation" that Defendants have violated, and

6    consequently his negligence per se claim is dismissed as well.

7                            **3.        Dismissal is Without Prejudice**

8            Defendants request that the Court dismiss Plaintiff's FAC with prejudice, arguing that

9    Plaintiff is "a serial filer of lawsuits with highly questionable merits[,]" that Plaintiff "has had

10   several opportunities" to cure defects in his complaints but failed to do so, and that he does not

11   allege any cognizable claims.  ECF No. 38 at 3-4.  Although the Federal Rules of Civil Procedure

12   state that leave to amend a complaint "shall be freely given when justice so requires[,]" district

13   courts retain discretion to deny leave to amend and may do so for "undue delay, bad faith or

14   dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

15   previously allowed, undue prejudice to the opposing party by virtue of allowance of the

16   amendment, and futility of amendment."  Fed. R. Civ. P. 15(a)(2); *Leadsinger, Inc. v. BMG Music

17   Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quotations omitted).  While dismissal with prejudice

18   could be appropriate if Plaintiff was represented by counsel, he is proceeding pro se.  The Ninth

19   Circuit has made clear that "[t]he rule favoring liberality in amendments to pleadings is

20   particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is

21   far more prone to making errors in pleading than the person who benefits from the representation

22   of counsel."  *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quotations omitted).  Following

23   *Lopez*'s instruction, the Court denies Defendants' request to dismiss the FAC with prejudice and

24   grants Plaintiff leave to amend his complaint.

25   //

26   //

27   //

28   //

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.    CONCLUSION

The Court DENIES Defendant's Motion to Dismiss for lack of subject matter jurisdiction and GRANTS Defendants' Motion to Dismiss for failure to state a claim.  Plaintiff's FAC is accordingly dismissed without prejudice.  Should Plaintiff wish to file a second amended complaint, he must do so by March 25, 2025.

**IT IS SO ORDERED.**

Dated: March 4, 2025

_____
LISA J. CISNEROS
United States Magistrate Judge