UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYER AMSCHEL ROTHSCHILD,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE ANN GILDRED, et al.,<br><br>Defendants. | Case No. 23-cv-02105-LJC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 59 |

Before the Court is Defendants Stephanie Gildred and Lorton Management Corporation's Motion to Dismiss Plaintiff Mayer Amschel Rothschild's Second Amended Complaint. Having considered the papers submitted by the parties and the oral arguments presented, for the reasons discussed below, Defendants' Motion is granted and Plaintiff's Second Amended Complaint is dismissed with prejudice.

## I. BACKGROUND[1]

Plaintiff lived at 128 Lorton Avenue, Unit #4, Burlingame, California (the premises) with his then-fiancé, Defendant Stephanie Gildred, until December 2020. Gildred and her property management company, Lorton Management Corporation (Lorton Management) (together, Defendants), owned 128 Lorton Avenue and were "responsible parties for the subject premises." ECF No. 56 at 2. "During Plaintiff's tenancy, a significant rodent infestation developed on the property, rendering it unsafe and uninhabitable." *Id.* at 2. Plaintiff reported the problem to Defendants, who failed to remedy the infestation. *Id.*

---

[1] Because a plaintiff's factual allegations are generally taken as true in resolving a motion to dismiss under Rule 12(b)(6), this section summarizes Plaintiff's allegations as if true. Where necessary to provide context, the Court cites to Plaintiff's prior complaints and to the related action, *Rothschild v. The Pacific Companies*, 23-cv-01721-LJC.

1   While Plaintiff was living at the premises, The Pacific Companies began constructing a five-story parking garage at the adjacent lot.  Around the same time, The Pacific Companies approached Plaintiff and Gildred with a business proposal to develop 128 Lorton Avenue into a five-story condominium.  ECF No. 12 at 2.  Plaintiff invested over $2,000,000 into improving 128 Lorton. *Id.* at 4.  After Plaintiff moved out in December 2020, and, apparently, Plaintiff and Gildred's relationship ended, Gildred sold 128 Lorton without compensating Plaintiff.  *Id.* at 3.

Plaintiff sued The Pacific Companies regarding the business proposal to develop 128 Lorton Avenue in April 2023.  *See Rothschild v. The Pacific Companies*, 23-cv-01721-LJC (N.D. Cal.), ECF No. 1.[2]  He sued Gildred and Lorton Management regarding the sale of 128 Lorton at the same time.  *See Rothschild v. Gildred, et. al.*, 23-cv-01712-JD (N.D. Cal.). ECF No. 1.[3]  He filed this action less than one month later.  *See Rothschild v. Gildred*, 23-cv-02105-LJC (N.D. Cal. May 1, 2023), ECF No. 1.  His initial complaint against Defendants asserted claims for breach of the covenant of quiet enjoyment, breach of warranty, strict liability, punitive damages, negligence and negligence per se.  *Id.*  Plaintiff amended his complaint and the action was related to the ongoing suit against The Pacific Companies in front of the undersigned magistrate judge.  ECF Nos. 12, 27.

Plaintiff's First Amended Complaint asserted claims for the breach of quiet enjoyment, strict liability, negligence, and negligence per se.  *See* ECF No. 12.  Defendants moved to dismiss the First Amended Complaint and the Court granted Defendants' motion to dismiss with leave to amend.  ECF Nos. 38, 55.  The Court directed Plaintiff to file his Second Amended Complaint no later than March 25, 2025.  *Id.* at 11.  Plaintiff proceeded to file his Second Amended Complaint on March 24, 2025, asserting claims for negligence, negligence per se, and private and public nuisance.  ECF No. 56.

Based on Plaintiff's request for a stay in the related case *Rothschild v. The Pacific Companies*, 23-cv-01721, the Court stayed this action for thirty days and extended Defendants'

---

[2] He later added Gildred and Lorton Management as defendants in that action, but subsequently removed them.  *Id.* at ECF Nos. 18, 24.
[3] This action against Gildred and Lorton Management was later dismissed for lack of subject matter jurisdiction.

2

deadline to respond to Plaintiff's Second Amended Complaint to May 8, 2025. ECF No. 57. While the case was stayed and without leave of the Court, Plaintiff proceeded to file a further amended complaint, his third, on May 5, 2025.[4] ECF No. 58. The Third Amended Complaint asserts claims for negligence, negligence per se, private and public nuisance, and unjust enrichment/quasi-contract. *Id.* Pursuant to the Court's previous order, Defendants filed their motion to dismiss Plaintiff's Second Amended Complaint on May 7, 2025, arguing that Plaintiff had again failed to state a claim. ECF No. 59. They requested that the Court strike Plaintiff's Third Amended Complaint as being untimely filed. *Id.* at 2 n.1. Plaintiff opposed the motion to dismiss, Defendants filed a reply brief, and, without leave of the Court, Plaintiff filed a sur-reply. ECF Nos. 60, 62-63. The Court held a hearing the motion to dismiss on June 17, 2025.

## II. PLAINTIFF'S THIRD AMENDED COMPLAINT

Federal Rule of Civil Procedure 15(a)(1) provides that a "party may amend its pleading once as a matter of course no later than" twenty-one days after service or twenty-one days after service of a responsive pleading or motion. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff here filed his Third Amended Complaint without seeking or obtaining leave of the Court or Defendants' permission, well after the Court's March 25, 2025 deadline and days before Defendants' response to Plaintiff's Second Amended Complaint was due. *See* ECF Nos. 57, 58. Plaintiff's failure to obtain the Court's leave to amend is sufficient grounds to strike the Third Amended Complaint. *Taa v. Chase Home Fin., LLC*, No. 11-cv-00554, 2012 WL 507430, at *1 (N.D. Cal. Feb. 15, 2012) ("An amendment that has been filed or served without leave of court or consent of the defendants is without legal effect."); *Amezquita v. Garcia-Cortez*, No. 20-cv-08285, 2024 WL 2305612, at *4 (N.D. Cal. May 21, 2024) (striking "amended second amended complaint" filed without leave or any explanation "as to why yet another amendment should be granted"). Plaintiff's Third Amended Complaint is accordingly stricken, although, in its

---

[4] The complaint filed at ECF No. 58 is labeled "Second Amended Complaint," but, as it was filed after his Second Amended Complaint at ECF No. 56, the Court refers to the pleading at ECF No. 58 as Plaintiff's Third Amended Complaint.

3

discretion, the Court considers Plaintiff's allegations in deciding whether to grant Plaintiff further leave to amend. *See Rosasen v. Kingdom of Norway*, No. 21-cv-6811, 2022 WL 4390459, at *11 (C.D. Cal. July 14, 2022), *recommendation adopted,* 2022 WL 4389673 (C.D. Cal. Sept. 19, 2022), *aff'd*, No. 22-55980, 2024 WL 1612235 (9th Cir. Apr. 15, 2024) (considering improperly filed second amended complaint's failure to cure deficiencies of the first amended complaint in dismissing the first amended complaint with prejudice).

## III.    LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quotations omitted). A complaint generally must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A court reviewing a 12(b)(6) motion must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice," and a court need not credit "legal conclusions" or "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When the complaint has been filed by a pro se plaintiff, a court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quotations omitted).

A court's review under Rule 12(b)(6) is generally limited to the contents of a complaint, with the exception of materials incorporated by reference in a complaint or materials subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Courts may also consider, in their discretion, judicial admissions including facts "a plaintiff freely

4

admits" at oral argument. *CoreCivic Inc. v. Candide Grp. LLC*, No. C-20-03792, 2021 WL 1267259, at *5 (N.D. Cal. Apr. 6, 2021). "'A litigation position...conveyed to a court becomes binding in any forum in which the same controversy arises,' including judicial admissions during oral argument." *Id.* (quoting *ACLU of Nevada v. Mastro*, 670 F.3d 1046, 1065 (9th Cir. 2012)); *see Davis v. Pacificsource Health Plans,* No. CV 19-180, 2020 WL 1812114, at *1 (D. Mont. Apr. 9, 2020) ("Courts have discretion to treat factual statements made in briefs and at oral argument as judicial admissions.").

"[L]eave to amend 'shall be freely given when justice so requires.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)). "[T]he rule favoring liberality in amendments to pleadings is particularly important for" for pro se litigants, as they are "[p]resumably unskilled in the law [and] far more prone to making errors in pleading than the person who benefits from the representation of counsel." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quotations omitted). However, leave to amend may be denied if allowing amendment would cause "undue delay" or "undue prejudice to the opposing party[,]" amendment is sought in bad faith or due to "dilatory motive on the part of the movant," if there has been "repeated failure to cure deficiencies by amendments previously allowed," or further amendment would be futile. *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). A court's discretion to deny leave to amend "is particularly broad" when it "has already granted a plaintiff leave to amend[.]" *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (quotations omitted).

**IV.   ANALYSIS**

Defendants argue that Plaintiff's Second Amended Complaint does not include sufficient factual allegations to state a claim. The Court agrees.

### A.   Negligence

Plaintiff asserts claims for negligence and negligence per se. To properly plead negligence, Plaintiff must allege facts which, taken as true, establish that Defendants had a duty towards him, that they breached their duty, and that their breach caused him harm. *See Carlsen v. Koivumaki*, 227 Cal. App. 4th 879, 892-93 (2014). Plaintiff alleges that he leased the premises

5

from Defendants and that, as his landlords, Defendants owed Plaintiff "a duty to maintain the premises in a habitable and safe condition." ECF No. 56 at 4. He asserts that they breached this duty by failing to remedy "a significant rodent infestation" at the premises. *Id.* at 2. He alleges that as a "direct result" of this breach, he "suffered harm, including health risks, emotional distress, and financial losses[,]" and then proceeds to list types of harm that a rodent infestation may cause. *Id.* at 4-6. These types of harm Plaintiff include health risks ("Disease Transmission – Rodents carry diseases such as Hantavirus, Salmonella, Leptospirosis, and Rat-Bite Fever….Allergic Reactions & Respiratory Issues…Food Contamination – Rodents chew through food packaging, leaving feces and urine that can lead to serious foodborne illnesses"), property damage ("Structural Damage – Rodents chew through walls…Furniture & Belongings – Rodents nest in soft materials like furniture, mattresses, and clothing, damaging property), emotional distress ("Embarrassment & Social Isolation – Infestations can cause emotional distress due to stigma and social discomfort in hosting guests"), and financial costs ("Pest control treatments and structural repairs can be expensive…Persistent infestations can decrease rental/home value and make selling or renting difficult"). *Id.* (emphases removed). That a rodent infestation could, hypothetically, cause issues such as diseases "spread through droppings, urine, saliva, or bites" or property damage from chewing "through walls, insulation pipes, and even electrical wiring" is insufficient to support Plaintiff's conclusory claim that Defendants' alleged breach harmed him. ECF No. 56 at 4-5; *see Twombly*, 550 U.S. at 555 (holding that allegations in a complaint "must be enough to raise a right to relief above the speculative level"). Plaintiff wholly fails to explain how he was actually harmed. Plaintiff's general assertions that Defendants breached their duty to him harmed him "do not suffice[.]" *Iqbal*, 556 U.S. at 678-79. Plaintiff accordingly has not alleged sufficient facts to state a plausible negligence claim.

Plaintiff asserts that Defendants "violated California Health & Safety Code § 17920.3 and local housing ordinances[,]" which constitutes negligence per se. ECF No. 56 at 4. "[N]egligence *per se* is not…an independent cause of action under California law[.]" *Beaver v. Tarsadia Hotels,* 29 F. Supp. 3d 1294, 1322 (S.D. Cal. 2014), *aff'd,* 816 F.3d 1170 (9th Cir. 2016). Instead, it is "simply a codified evidentiary doctrine[.]" *Id.* "Under California law, an underlying claim of

6

ordinary negligence must be viable before the presumption of negligence *per se* based on the violation of a statute, regulation, or ordinance may be employed." *Id.*  As Plaintiff has not alleged sufficient facts to state an underlying claim for negligence, his negligence per se claim likewise fails.  Additionally, Plaintiff must show that Defendants' violation of a "statute, ordinance, or regulation…proximately caused death or injury to a person[.]" *Taulbee v. EJ Distribution Corp.,* 35 Cal. App. 5th 590, 596 (2019) (citation omitted).  His general allegations regarding harm, discussed above, are insufficient.

       The Court accordingly dismisses Plaintiff's negligence and negligence per se claims. Although pro se plaintiffs must be given liberal leave to amend, the Court has provided Plaintiff with two opportunities to amend his complaint and previously informed Plaintiff that his negligence and negligence per se claims lacked sufficient factual allegations.  *Lopez*, 203 F.3d at 1131; *see* ECF Nos. 8, 55 at 9-10.  Plaintiff failed to correct the deficiencies.  *See Sharkey*, 778 F.3d at 774.

       Moreover, the Court finds that further amendment of these claims would be futile. Plaintiff's improperly filed Third Amended Complaint repeats the generalized statements of harm —such as "Property damage[,]" "Health risks from zoonotic diseases (e.g., hantavirus, salmonella, leptospirosis)" and "property loss, health problems, and emotional distress"—without identifying the specific harm Plaintiff experienced as a result of the rodent infestation.  ECF No. 58 at 2-3. When asked at the hearing to explain how he was harmed by the rodent infestation for the purposes of evaluating if further leave to amend was warranted, Plaintiff informed the Court that he had breathing difficulties, but that this was caused by construction on the neighboring lot rather than Defendants' alleged breach.  Plaintiff has demonstrated repeatedly that he cannot allege how Defendants' purportedly negligent acts harmed him.  *See Jordan v. Graziani*, No. C 03-2414, 2008 WL 2326303, at *2 (N.D. Cal. June 3, 2008) (finding "that further leave to amend would be futile" where the court had already explained a complaint's deficiencies and the "plaintiff was unable to cure them" in a subsequently amended complaint).  And, as Defendants note, California's statute

of limitations for personal injury negligence claims is two years.[5]  ECF No. 59 at 6; *see* Cal. Code Civ. P. § 335.1.  At the hearing, Plaintiff unequivocally stated that he moved out of the premises at 128 Lorton Avenue in December 2020.  The Court takes his statement as true.  *See CoreCivic Inc.*, 2021 WL 1267259, at *5 (quoting *Masto*, 670 F.3d 1065) (explaining that courts are generally limited to the complaint in ruling on a motion to dismiss but may accept as true facts a plaintiff "freely admits…at the hearing" because "[a] litigation position... conveyed to a court becomes binding in any forum in which the same controversy arises, including judicial admissions during oral argument").  Based on Plaintiff's admission at the hearing, the statute of limitations for Plaintiff's negligence claims would have expired, at the latest, in December 2022.  Plaintiff filed this suit in May 2023, well after the statute of limitations expired.  *See* ECF No. 1 at 8.

        Plaintiff argues that the statute of limitations has not expired because he "continued to suffer exposure, harm, and deterioration of living conditions within the two-year limitations period."  ECF No. 60 at 3.  He contends that, "Under California's 'continuing violation' and 'discovery rule' doctrines, limitations do not bar claims that involve ongoing harm."  *Id.* (citing *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal. 4th 1185, 1192 (2013).  "The continuing violation doctrine aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for all of them upon commission or sufferance of the last of them."  *Aryeh*, 55 Cal. 4th at 1192.  This doctrine is inapplicable.  Plaintiff moved out of the premises in December 2020, making December 2020 the last time he could have been harmed by Defendants' alleged negligence regarding the rodent infestation at the premises.  He did not file suit within two years of when Defendants could have most recently acted negligently.  *See Hu v. Wang*, No. 24-cv-01192, 2024 WL 5275055, at *6 (C.D. Cal. Nov. 25, 2024) (explaining that "the continuing violations doctrine is unavailing" where a plaintiff "did not file suit within" the statutory period after "the most recent violation").  The "discovery rule" that Plaintiff references "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action."  *Aryeh*, 55 Cal. 4th at 1192.  This doctrine has no

---

[5] The Court has diversity jurisdiction over this action and thus applies state statute of limitations law.  *See Mendez v. Ishikawajima-Harima Heavy Indus. Co.*, 52 F.3d 799, 800 (9th Cir. 1995).

1  relationship to the "ongoing harm" that Plaintiff argues he experienced while living at the

2  premises. ECF No. 60 at 3.[6]

3        As Plaintiff has had multiple opportunities to allege sufficient facts to state a claim for

4  negligence and negligence per se and has repeatedly failed to cure these deficiencies, and the

5  Court determines that opportunities for further amendment would be futile and only delay the case

6  and cause prejudice to Defendants, Plaintiff's negligence and negligence per se claims are

7  dismissed with prejudice.

      **B.    Private and Public Nuisance**

9        In his Second Amended Complaint, Plaintiff alleges that Defendants created a private and

10  public nuisance. ECF No. 56 at 4. Plaintiff's nuisance claims are devoid of factual allegations. In

11  their entirety, Plaintiff's nuisance claims read:

> Defendants' failure to remedy the infestation created conditions that substantially interfered with Plaintiff's use and enjoyment of the property. The infestation posed a public health risk, affecting other tenants and the community at large. Defendants' inaction constitutes a nuisance under California law.

15  ECF No. 56 at 4. Plaintiff alleges that there was an "infestation," but does not otherwise explain

16  with any specificity how this interfered with his "use and enjoyment" of the premises or impacted

17  other tenants or the community. *Id.* While Plaintiff is only required to include "a short and plain

18  statement," he must do more than just recite the elements of a cause of action for nuisance and

19  state legal conclusions. Fed. R. Civ. P. 8(a); *see Iqbal*, 556 U.S. at 678–79. "Despite the

20  deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume

21  that 'the [plaintiff] can prove facts that [he or she] has not alleged[.]'" *Spice Jazz LLC v.

22  Youngevity Int'l, Inc.*, No. 19-cv-583, 2019 WL 4573705, at *2 (S.D. Cal. Sept. 19, 2019) (quoting

23  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526

24  (1983)). Plaintiff's nuisance claims are accordingly dismissed.

25        As with his negligence claims, Plaintiff's nuisance claims are dismissed with prejudice.

---

[6] Moreover, Plaintiff's allegations that he informed Defendants of the infestation and they failed to remedy it while he was a tenant at the premises is inconsistent with any argument he may make that he only discovered the alleged negligence after he moved out.

Although Plaintiff raised his nuisance claim for the first time in this action in the Second Amended Complaint and thus has not been provided an opportunity to amend his claim, he previously raised a nuisance claim in his related action against The Pacific Companies. The Court granted in part and denied in part Plaintiff's nuisance claims in that action, laying out the elements to state a claim for private and public nuisance and explaining to Plaintiff that he was required to allege facts to support his claims. *See Rothschild v. The Pacific Companies*, 23-cv-01721-LJC (N.D. Cal. Mar. 4, 2025), ECF No. 73 at 17-18. Despite this instruction, Plaintiff did not include factual allegations to support his new nuisance claims asserted in this action. The Court accordingly finds that justice does not warrant providing Plaintiff further opportunity to amend this claim.

## V.  CONCLUSION

The Court strikes Plaintiff's Third Amended Complaint and grants Defendants' motion to dismiss the Second Amended Complaint. Despite having repeated opportunities to amend, Plaintiff's Second Amended Complaint fails to allege facts sufficient to state a claim against Defendants. This case is accordingly dismissed with prejudice and the Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: June 25, 2025

LISA J. CISNEROS
United States Magistrate Judge

10